UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

08 JAN 29 PM 4: 36

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GLENNA BRYAN,

Plaintiff,

BY: _____ DEPUTY

Case No. 07-CV-11955
HON. GEORGE CARAM STEEH

vs.

HYATT CORPORATION,
a Delaware corporation d/b/a
MANCHESTER GRAND HYATT, and
JANE DOE (Hyatt Spa Masseuse),

'08 CV 182   IEG BLM

Defendants.

_____/

ORDER GRANTING DEFENDANT HYATT CORPORATION'S MOTION TO
TRANSFER VENUE (#18)

Defendant Hyatt Corporation moves to dismiss or transfer venue to the Southern

District of California due to improper venue. A hearing on the motion was scheduled for

January 23, 2008. The parties thereafter agreed that the motion be decided on the briefs.

The court finds that the facts and legal arguments presented in the parties' briefs are

sufficient to adjudicate the motion. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is

ORDERED that the motion be resolved without oral argument.

Plaintiff Glenna Bryan filed a First Amended Complaint on May 16, 2007 alleging she

was injured on May 9, 2006 as the result of a deep tissue massage she received while

staying at Hyatt's Manchester Grand Hyatt in San Diego, California. Bryan alleges the

"Jane Doe" masseuse performed the massage in the course and scope of her employment

with Hyatt. Count I alleges negligence against Jane Doe. Count II alleges vicarious liability

against Hyatt as the actual or ostensible employer of Doe. Bryan invokes federal diversity

jurisdiction alleging she is a Michigan resident, Jane Doe is a California resident, Hyatt is

incorporated under Delaware law with its principal place of business in Illinois, and her damages exceed $75,000.00. See 28 U.S.C. § 1332.

Hyatt moves to dismiss arguing that venue is improper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(1-3) because not all defendants reside in Michigan, a substantial part of the events or omissions giving rise to Bryan's claims did not arise within this district, and this action could have been brought in the Southern District of California where the alleged negligent acts and omissions occurred. Hyatt asserts that, in lieu of dismissal, the court should transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1406(a) for improper venue. In the alternative, Hyatt asks the court to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice, and for the convenience of the parties and witnesses.

Bryan responds that she has been unable to identify and serve Jane Doe, who must now be dismissed from this lawsuit under Federal Rule of Civil Procedure 4(m) because the summons has expired. Bryan continues that, with Hyatt being the only remaining defendant, venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(1) where all defendants reside. Bryan maintains that Hyatt is deemed to reside in Michigan for venue purposes under 28 U.S.C. § 1391(c) because Hyatt conducts continuous and systematic business in Michigan, and is therefore subject to personal jurisdiction in Michigan. Bryan argues that venue is also proper in Michigan under § 1391(a)(2) because a substantial part of the events or activities giving rise to her claims occurred in Michigan when she received medical care and treatment in Michigan. Bryan assets that the convenience of the parties and witnesses does not weigh in favor of transferring this matter to the Southern District of California considering inter alia that a large corporation such as Hyatt would not be inconvenienced litigating in Michigan, whereas Bryan will be significantly inconvenienced as a Michigan resident if she is required to litigate in California where her

counsel is not a member of the bar.

Hyatt replies by proffering the affidavit of the previously unidentified Jane Doe, April Nakamura, who attests that she was the masseuse who performed the May 9, 2006 massage on Bryan, that she is not a Hyatt employee, and that she has been a resident of California since May 9, 2006. Hyatt contends that Nakamura in as an indispensable party-defendant whose California residency was established at the time of the filing of the First Amended Complaint, making Michigan a venue in which not all defendants reside under § 1391(a)(1). Hyatt continues venue is also improper in the Eastern District of Michigan under § 1391(a)(2) as a judicial district where a substantial part of the events or omissions giving rise to this lawsuit occurred because the medical treatment Bryan received in Michigan did not "give rise" to her claims of negligence. Hyatt maintains in the alternative that transferring venue to California under 28 U.S.C. § 1404(a) is warranted for the convenience of the parties and witnesses considering inter alia the convenience of California fact witnesses (as opposed to Michigan medical treaters), the likely application of California law, and this court's limited subpoena power in compelling the attendance of California witnesses.

### I. Proper Venue in Diversity Actions

Whether to dismiss or transfer an action for improper venue is within a district court's discretion. First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The court agrees with Hyatt that Bryan's medical treatment in Michigan does not constitute "a substantial part of the events giving rise to the claim" that Hyatt is liable for Bryan's injuries caused by a massage she received in California. See Smith v. Fortenbery, 903 F.Supp. 1018, 1020-21 (E.D. La. 1995) (interpreting plain language of § 1391(a)(2) and reasoning that medical treatment received in Louisiana did not constitute "a substantial part of the events giving rise to the claim" of negligence relative to a Mississippi auto accident). The alleged events or omissions giving rise to Bryan's negligence and vicarious liability claims involve the massage Bryan received at Hyatt's Manchester Grand Hyatt in San Diego, California on May 9, 2006. Venue is not proper under § 1391(a)(2).

It is undisputed that this lawsuit could have been brought in the Southern District of California. Venue in this district is therefore improper under § 1391(a)(3).

In determining residency for purposes of venue under § 1391(a)(1), 28 U.S.C. § 1391(c) provides in pertinent part:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Hyatt does not dispute that it was subject to personal jurisdiction in Michigan at the time this action was commenced, but instead argues that California resident Nakamura renders venue improper in the Eastern District of Michigan under § 1391(a)(1) because not all defendants reside in this district. Plaintiff's First Amended Complaint names "Jane Doe" as a defendant and alleges she is a California resident. Unlike under the Michigan rules of civil procedure, the Jane Doe masseuse is not deemed dismissed from this federal lawsuit for Bryan's failure to accomplish service.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall

4

extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P. 4(m).

Although not yet served with process, Jane Doe, now known to be April Nakamura, remains a party-defendant to this lawsuit as she has not been dismissed pursuant to Rule 4(m). Bryan alleges, and Nakamura attests, that defendant "Jane Doe" is a resident of California. It follows that the Eastern District of Michigan is not a district in which both Hyatt and Jane Doe reside for purposes of venue under § 1391(a). Accordingly, Hyatt is entitled to a transfer of venue to the Southern District of California based on improper venue. Bramlet, 141 F.3d at 262.

## II. Transfer of Venue where Venue is Proper

In the alternative, and assuming Jane Doe was dismissed from this lawsuit under Rule 4(m), making this judicial district appropriate under § 1391(a) as a district where the remaining defendant Hyatt resides, the court also enjoys discretion to transfer venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that this action could have been brought in the Southern District of California as a judicial district in which a substantial part of the events giving rise to Bryan's claims occurred. 28 U.S.C. § 1391(a)(2).

In moving to transfer venue to the Southern District of California, Hyatt bears the burden of proving by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 936 (E.D. Mich. 2001) (quoting Rowe v. Chrysler Corp., 520 F.Supp. 15, 16 (E.D. Mich. 1981)). The court should weigh such factors as: (1) the parties' convenience; (2) witnesses' convenience; (3) relative ease of access to the proofs; (4)

availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) practical difficulties associated with trying the case quickly and inexpensively; and (7) the interests of justice. <u>Thomas</u>, 131 F.Supp.2d at 936. To establish these factors, "conclusionary allegations of a party will not suffice." <u>Id</u>. at 937.

The parties' convenience favors Bryan as a resident of Michigan without the financial resources of Hyatt, a large corporation. Bryan's witnesses, with the exception of herself, all relate to Bryan's medical treatment and damages, and are not fact witnesses. Masseuse Nakamura is a resident of California. Other potential fact witnesses, such as the employees of the Manchester Grand Hyatt in San Diego, will be inconvenienced by traveling to Michigan. In <u>Kepler v. ITT Sheraton Corporation</u>, 860 F.Supp. 393 (E.D. Mich. 1994), Judge Gadola of this District granted the defendant-hotel chain's motion for a change of venue to the Middle District of Florida where the Michigan plaintiff was injured by a shock he received in a hot tub situated on the grounds of an Orlando, Florida hotel. <u>Id</u>. at 395. The <u>Kepler</u> plaintiff argued that venue favored the Eastern District of Michigan as the venue where he and his family resided, and where more than 50 treating medical personnel were located. <u>Id</u>. at 399. The court rejected the argument on finding that all of the fact witnesses, except the plaintiffs, were located in Florida where they were subject to process, and that Florida law was controlling. <u>Id</u>. at 399. Here, all of the fact witnesses with the exception of Bryan are located in California where they are subject to process, and California law is controlling. Witnesses' convenience, relative ease of access to the proofs of liability, availability of process to compel the attendance of unwilling fact witnesses, and the California District Court's familiarity with California law strongly favor a transfer to the Southern District of California. <u>Id</u>. at 399. Trying the case in California would also promote the interests of justice by avoiding expensive piecemeal litigation. The convenience and availability of Bryan's current counsel is of little weight. <u>See Campbell v. Hilton Hotels</u>

Corporation, 611 F.Supp. 155, 157 (E.D. Mich. 1985) (granting change of venue of personal injury action from the Eastern District of Michigan to the Southern District of Florida where the plaintiff was allegedly injured in an accident at a Ft. Lauderdale, Florida hotel).

Hyatt has also shown that fairness and practicality strongly favor a transfer of this action to the Southern District of California under 28 U.S.C. § 1404(a). Accordingly,

Defendant Hyatt Corporation's motion for a change of venue is hereby GRANTED. It is ORDERED that this matter is hereby TRANSFERRED to the United States District Court for the Southern District of California.

SO ORDERED.

Dated:  January 24, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 24, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

I hereby certify that the foregoing is a true copy of the original on file in this Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

By _____ Deputy

7

CLOSED

# U.S. District Court
## Eastern District of Michigan (Detroit)
## CIVIL DOCKET FOR CASE #: 2:07-cv-11955-GCS-VMM
### Internal Use Only

Bryan v. Hyatt Corporation et al
Assigned to: Honorable George Caram Steeh
Referred to: Honorable Virginia M Morgan
Demand: $75,000
Cause: No cause code entered

Date Filed: 05/04/2007
Date Terminated: 01/24/2008
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Glenna Bryan**                  represented by   **Phillip S. Serafini**
Serafini, Michalowski,
38600 Van Dyke Avenue
Suite 250
Sterling Heights, MI 48312
586-264-3756
Email: psslaw@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hyatt Corporation**              represented by   **Richard A. Joslin, Jr.**
*Doing business as*                                 Collins, Einhorn,
Manchester Grand Hyatt                              4000 Town Center
                                                    Suite 909
                                                    Southfield, MI 48075-1473
                                                    248-355-4141
                                                    Fax: 248-355-2277
                                                    Email:
                                                    Richard.Joslin@ceflawyers.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Theresa M. Asoklis**
Collins, Einhorn,
4000 Town Center
Suite 909
Southfield, MI 48075-1473

I hereby certify that the foregoing is
a true copy of the original on file in this
Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
By _____ Deputy

248-355-4141
Email:
Theresa.Asoklis@ceflawyers.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Renee Birnbaum**
Garan Lucow
101 N. Main Street
Suite 460
Ann Arbor, MI 48104-1476
734-930-5600
Fax: 734-930-0043
Email:
rbirnbaum@garanlucow.com
*TERMINATED: 11/16/2007*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**
*Hyatt Spa Masseuse*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2007 | 1 | COMPLAINT filed by Glenna Bryan against all defendants, Receipt No: 557247 - Fee: $ 350. (DEld) (Entered: 05/04/2007) |
| 05/09/2007 | 2 | ORDER for Glenna Bryan to Show Cause why this lawsuit should not be dismissed for lack of subject matter jurisdiction.**Show Cause Response due by 5/22/2007** Signed by Honorable George Caram Steeh. (MBea) (Entered: 05/09/2007) |
| 05/15/2007 | 3 | [FILING ERROR:RULE 18, RULE 9] RESPONSE TO ORDER TO SHOW CAUSE by Glenna Bryan. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B) (Serafini, Phillip) Modified on 5/16/2007 (Hamel, D.). (Entered: 05/15/2007) |
| 05/15/2007 | 4 | [FILING ERROR:POORLY FORMATTED] AMENDED COMPLAINT filed by Glenna Bryan against all defendants. (Serafini, Phillip) Modified on 5/16/2007 (Hamel, D.). (Entered: 05/15/2007) |
| 05/16/2007 | 5 | AMENDED COMPLAINT filed by Glenna Bryan against all defendants. (Serafini, Phillip) (Entered: 05/16/2007) |

| 05/21/2007 | ❻6 | ORDER Dismissing 5/9/07 2 Order to Show Cause. Signed by Honorable George Caram Steeh. (MBea) (Entered: 05/21/2007) |
| 06/14/2007 | ❻7 | CERTIFICATE of Service/Summons Returned Executed. Hyatt Corporation served on 6/7/2007, answer due 6/27/2007. (PPau) (Entered: 06/15/2007) |
| 06/27/2007 | ❻8 | ANSWER to Amended Complaint with Affirmative Defenses with Jury Demand by Hyatt Corporation. (Birnbaum, Renee) (Entered: 06/27/2007) |
| 06/27/2007 | ❻9 | ANSWER to Amended Complaint with Affirmative Defenses with Jury Demand by Hyatt Corporation. (Birnbaum, Renee) (Entered: 06/27/2007) |
| 06/29/2007 | ❻10 | [IMAGE REMOVED 7/9/07] [FILING ERROR: IMAGE DOES NOT MATCH DOCKET TEXT]STATEMENT of DISCLOSURE of CORPORATE AFFILIATIONS and FINANCIAL INTEREST by Hyatt Corporation (Birnbaum, Renee) Modified on 6/29/2007 (Eldridge, D.). Additional attachment(s) added on 7/9/2007 (Teets, A.). Modified on 7/9/2007 (Teets, A.). (Entered: 06/29/2007) |
| 06/29/2007 | ❻11 | STATEMENT of DISCLOSURE of CORPORATE AFFILIATIONS and FINANCIAL INTEREST by Hyatt Corporation (Birnbaum, Renee) (Entered: 06/29/2007) |
| 06/29/2007 | ❻12 | NOTICE TO APPEAR: **Scheduling Conference set for 7/25/2007 02:30 PM before Honorable George Caram Steeh** (MBea) (Entered: 06/29/2007) |
| 07/09/2007 | ❻13 | STIPULATION AND ORDER removing image for 10 Statement of Disclosure of Corporate Affiliations Signed by Honorable George Caram Steeh. (ATee) (Entered: 07/09/2007) |
| 07/25/2007 | ❻ | Minute Entry -Scheduling Conference held on 7/25/2007 before Honorable George Caram Steeh. (MBea) (Entered: 07/25/2007) |
| 07/25/2007 | ❻14 | SCHEDULING ORDER: **Final Pretrial Conference set for 6/2/2008 10:00 AM;, Jury Trial set for 6/10/2008 09:00 AM before Honorable George Caram Steeh,Dispositive Motion Cut-off set for 2/25/2008** Signed by Honorable George Caram Steeh. (Refer to image for additional dates) (MBea) (Entered: 07/25/2007) |
| 08/03/2007 | ❻15 | AMENDED ANSWER to Complaint with Affirmative Defenses with Jury Demand by Hyatt Corporation. (Birnbaum, |

| | | Renee) (Entered: 08/03/2007) |
|---|---|---|
| 11/01/2007 | ●16 | STIPULATION AND ORDER for enlargement of time to exchange and file witness lists. Signed by Honorable George Caram Steeh. (MBea) (Entered: 11/01/2007) |
| 11/16/2007 | ●17 | ORDER of Substitution Attorneys Richard A. Joslin, Jr, Theresa M. Asoklis for Hyatt Corporation added. Attorney Renee Birnbaum terminated. Signed by Honorable George Caram Steeh. (PPau) (Entered: 11/19/2007) |
| 11/21/2007 | ●18 | MOTION to Dismiss *or Change Venue* by Hyatt Corporation. (Joslin, Richard) (Entered: 11/21/2007) |
| 11/21/2007 | ●19 | WITNESS LIST by Glenna Bryan (Serafini, Phillip) (Entered: 11/21/2007) |
| 11/28/2007 | ●20 | NOTICE of hearing on 18 MOTION to Dismiss *or Change Venue*. **Responses due by 12/17/2007,Replies due by 1/2/2008, Motion Hearing set for 1/23/2008 02:00 PM before Honorable George Caram Steeh.** (MBea) (Entered: 11/28/2007) |
| 12/14/2007 | ●21 | RESPONSE to 18 MOTION to Dismiss *or Change Venue* filed by Glenna Bryan. (Attachments: # 1 Exhibit Exhibit A) (Serafini, Phillip) (Entered: 12/14/2007) |
| 12/28/2007 | ●22 | REPLY to Response re 18 MOTION to Dismiss *or Change Venue* filed by Hyatt Corporation. (Joslin, Richard) (Entered: 12/28/2007) |
| 01/11/2008 | ●23 | EXHIBIT *Amended Affidavit* by all defendants (Joslin, Richard) (Entered: 01/11/2008) |
| 01/23/2008 | ● | Deadlines/Hearings terminated. Hearing on Defendant's motion to dismiss or transfer venue not held, to be decided on the briefs. Signed by Honorable George Caram Steeh. (MBea) (Entered: 01/23/2008) |
| 01/24/2008 | ●24 | ORDER granting 18 Motion to transfer venue. Signed by Honorable George Caram Steeh. (DTyl) (Entered: 01/24/2008) |
| 01/24/2008 | ●25 | NOTICE transferring case to *SOUTHERN DISTRICT OF CALIFORNIA*. (DTyl) (Entered: 01/24/2008) |

9

Receipt Number

5572-47

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**GLENNA BRYAN**

  Plaintiff,

vs

**HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,**

  Defendants                                    /

Case: 2:07-cv-11955
Assigned To: Steeh, George Caram
Referral Judge: Morgan, Virginia M
Filed: 05-04-2007 At 01:06 PM
CMP BRYAN V. HYATT CORP, ET AL (TAM)

**SERAFINI, MICHALOWSKI, DERKACZ
& ASSOCIATES, PC**
PHILLIP S. SERAFINI (P45085)
Attorneys for Plaintiffs,
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756
                                                /

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, GLENNA BRYAN, through her attorney, PHILLIP

SERAFINI, and for her Complaint against the above named Defendants, state unto the

Court as follows:

### GENERAL ALLEGATIONS

1.    That Plaintiff, GLENNA BRYAN, is and was at all times relevant hereto a

resident of the State of Michigan.

2.    That, upon information and belief, Defendant, HYATT CORPORATION,

(hereafter Hyatt) is a citizen of the State of Delaware, in that it is organized and existing

by virtue of the laws of the State of Delaware.

3.     That, upon information and belief, Defendant, MANCHESTER GRAND HYATT, is an assumed name for Defendant Hyatt which does business in the city of San Diego, state of California.

4.     That, upon information and belief, Defendant Jane Doe, whose name is unknown to Plaintiff but well known to Defendant Hyatt, is a resident of the state of California who is employed by Defendant Hyatt Corporation d/b/a Manchester Grand Hyatt as a masseuse at the Manchester Grand Hyatt in San Diego, California and who, in the course and scope of her employment for Defendant Hyatt, injured Plaintiff on May 9, 2006 in the course of giving Plaintiff a massage.

5.     This Court has subject matter jurisdiction over this matter in that complete diversity in citizenship exists between the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

6.     That, on May 9, 2006, Plaintiff, GLENNA BRYAN, was a lawful paying guest of Defendant Hyatt Corporation staying at the Manchester Grand Hyatt in San Diego, California .

7.     That Defendant Hyatt advertised and offered to its guest certain Spa services, including but not limited to deep tissue massages from their masseuse which their guests could purchase through Defendant Hyatt.

8.     That it was stated and/or impliedly warranted by Defendant Hyatt that the masseuse provided by Defendant Hyatt would be a qualified experienced masseuse who was knowledgeable in massage therapy and who could and would  provide a safe massage without injuring the guests of Defendant Hyatt, such as Plaintiff, Glenn Bryan.

2

9. That on said date, in reliance on that representation, Plaintiff, Glenna Bryan, did sign up for a deep tissue massage and the cost of same was charged to her room by Defendant Hyatt.

10. That on said date, Defendant Jane Doe indicated that she was a qualified, experienced and competent masseuse who was knowledgeable in massage therapy and who could and would provide a safe massage to Plaintiff, Glenn Bryan.

11. That, in fact during the massage, Defendant Jane Doe did suddenly, negligently and without warning injure Plaintiff by exerting excessive and unnecessary force in the course of performing the massage and continued to do so after Plaintiff indicated that she was hurting her and caused Plaintiff to suffer the serious injuries described more fully herein.

12. That at all times pertinent hereto, Defendant, Jane Doe, was an actual and/or ostensible employee of Defendant Hyatt who was acting within the course and scope of her employment for Defendant Hyatt.

## COUNT I

13. Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations as if set forth herein.

14. That Defendant, Jane Doe, owed a duty to Plaintiff, GLENNA BRYAN, to perform the massage in a careful, safe and reasonably prudent manner so as to not cause bodily injury to Plaintiff.

15. That Defendant, Jane Doe, breached said duties on May 9, 2006, in one or more of the following ways:

3

a) Performing the massage and manipulating plaintiff in a needlessly rough, careless, reckless and unsafe manner and without that regard for the safety of Plaintiff;

b) By disregarding Plaintiff's wishes and concerns and continuing to carry on the massage in a needlessly rough, careless, reckless and unsafe manner;

c) By failing to exercise reasonable and ordinary care in the performance of the massage;

d) By failing to carry on the massage in a careful and prudent manner;

e) By failing to warn Plaintiff of the possibility of injury from a deep tissue massage;

f) By failing to use massage oil;

g) By performing other acts of negligence which will be revealed through the course of discovery.

16. That Defendant, Jane Doe's, breaches of duties as numerated above were the proximate causes of the damages and injuries sustained by Plaintiff, GLENNA BRYAN, including, but not limited to:

a) Multiple trauma and contusion;

b) Bulging cervical disc;

c) Shoulder injury;

d) Bulging thoracic discs;

e) Significant neurological damages;

f) Extreme emotional and mental distress; and

g) Loss of social pleasure and enjoyment, past, present and future.

17. That Plaintiff injuries are objectively manifested and constitute a serious impairment of important body functions.

4

18.    That if it is established that Plaintiff, GLENNA BRYAN, was suffering from any of these conditions prior to this incident, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated, and/or accelerated by reason of the aforementioned incident.

## COUNT II

19.    Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations and Count I as if set forth herein.

20.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, held Defendant Jane Doe, out to be a competent and certified masseuse.

21.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, induced its guests, such as Plaintiff to purchase Spa services, such as deep tissue massage by impliedly and/or actually representing that Defendant Doe was a competent masseuse who was qualified and capable fo safely performing a deep tissue massage on its guests such as Plaintiff.

22.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, warranted that Defendant Doe was a competent masseuse who was qualified and capable of safely performing a deep tissue massage on its guests such as Plaintiff in order to induce Plaintiff and others to purchase a deep

5

tissue massage and Plaintiff did in fact rely on that warranty when she purchased said massage.

22.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, is liable for the Plaintiff's injuries, which were caused by its agent and employee, Defendant, Jane Doe, in one or more of the following ways:

(a)    That Defendant, Hyatt, was the owner of the Spa servicing Plaintiff and the employer of Defendant, Jane Doe, at the time of the incident;

(b)    That Defendant, Jane Doe, was held out as a competent and certified Masseuse to the hotel guests, such as your Plaintiff herein and allowed to perform deep tissue massage for a fee on said guests, including Plaintiff, and therefore, Defendant, Hyatt, is vicariously liable for the negligence of its actual and/or ostensible employee;

(c)    That Defendant, Hyatt, was negligent in hiring Defendant, Jane Doe, and permitting her to perform deep tissue massages on its guests such as Plaintiff when Defendant, HYATT, knew or should have known that Defendant, JANE DOE, was an incompetent and/or inexperienced masseuse.

(d)    That Defendant Hyatt breached its implied or actual warranty that Defendant, Jane Doe, was a qualified, experienced and competent masseuse who was capable of safely performing a deep tissue massage on its guests such as Plaintiff without injuring her.

**WHEREFORE**, Plaintiff, GLENNA BRYAN, respectfully requests a judgment against Defendants, Hyatt Corporation d/b/a Manchester Grand Hyatt, and Defendant, Jane Doe, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars she is deemed to be entitled to as to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

6

## DEMAND FOR TRIAL BY JURY

NOW COMES the above named Plaintiff, GLENNA BRYAN, by and through her attorney, PHILLIP S. SERAFINI, and hereby demand a trial by jury of the allegations and matters set forth in the Plaintiff's Complaint.

SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, PC

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

May 3, 2007

7

**%JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Glenna Bryan | Hyatt Corporation and Jane Doe (Defendant's Massage Therapist) |

**(b)** County of Residence of First Listed Plaintiff    Oakland
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    State of Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Serafini, Michalowski, Derkacz & Associates, PC
38600 Van Dyke Ave., Suite 250
Sterling Heights, MI (586) 264-3756

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Select One Box Only)

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☑ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | | | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | | | anking |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | | fluenced and nizations |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | | redit |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | | | rvice |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | | | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☑ 360 Other Personal Injury | | | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | | | ☐ 893 Environmental Matters |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | SOCIAL SECURITY | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

Case: 2:07-cv-11955
Assigned To: Steeh, George Caram
Referral Judge: Morgan, Virginia M
Filed: 05-04-2007 At 01:08 PM
CMP BRYAN V. HYATT CORP., ET AL (TAM )

☐ 690 Other

## V. ORIGIN    (Select One Box Only)

☑ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Personal injury caused by negligence of massage therapist employed by Defendant Hyatt Corporation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

**DEMAND $**
Over $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
May 3, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                                      ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously        ☐ Yes
            discontinued or dismissed companion cases in this or any other      ☑ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

        Plaintiff,

vs.

                                   Case No. 07-CV-11955
                                   HON. GEORGE CARAM STEEH

HYATT CORPORATION, et al.,

        Defendants.

_____/

## ORDER TO SHOW CAUSE BY MAY 22, 2007

    Plaintiff Glenna Bryan filed a personal injury lawsuit against defendant Hyatt

Corporation on May 4, 2007. Federal jurisdiction is premised upon diversity jurisdiction.

28 U.S.C. § 1332. Complete diversity of citizenship is required under § 1332. See Owen

Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (recognizing that

"diversity jurisdiction does not exist [under § 1332] unless each defendant is a citizen of a

different State from each plaintiff"). For purposes of diversity jurisdiction, a corporation is

deemed to be a citizen of the state by which it has been incorporated, and the state where

it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Plaintiff Bryan alleges

only that defendant Hyatt Corporation "is a citizen of the State of Delaware, in that it is

organized and existing by virtue of the laws of the State of Delaware." Complaint, ¶ 2, at

1. Plaintiff does not allege defendant Hyatt Corporation's principal place of business.

Accordingly,

    Plaintiff Bryan is hereby ORDERED to show cause in a writing not to exceed five

pages, filed on or before May 22, 2007, why this lawsuit should not be dismissed for lack of subject matter jurisdiction in the absence of allegations sufficient to support complete diversity, specifically, defendant Hyatt Corporation's principal place of business.  Failure to show cause by May 22, 2007, will result in the dismissal of this lawsuit without prejudice.

SO ORDERED.

Dated:  May 9, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN

   Plaintiff,         C/A 2:07-cv-11955-GCS-VMM
                  HON: George Steeh

 vs

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,

   Defendants

_____/

**SERAFINI, MICHALOWSKI,**
**DERKACZ & ASSOCIATES, PC**
PHILLIP S. SERAFINI (P45085)
Attorneys for Plaintiffs,
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

_____/

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

  Now comes Plaintiff, Glenna Bryan, through her attorneys, **SERAFINI,**

**MICHALOWSKI, DERKACZ & ASSOCIATES,** and responds to the Court's order to

show cause as follows:

  Plaintiff Glenna Bryan filed a personal injury lawsuit against defendant Hyatt

Corporation on May 4, 2007 premised upon diversity jurisdiction.  In response to same,

the court Plaintiff Bryan is hereby ORDERED to show cause in a writing not to exceed

five  pages, filed on or before May 22, 2007, why this lawsuit should not be dismissed

for lack of subject matter jurisdiction in the absence of allegations sufficient to support

complete diversity, specifically, defendant Hyatt Corporation's principal place of

business.

Specifically, the court noted that Federal jurisdiction is premised upon diversity jurisdiction, 28 U.S.C. § 1332. Complete diversity of citizenship is required under § 1332. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state by which it has been incorporated, and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff alleged only that defendant Hyatt Corporation "is a citizen of the State of Delaware, in that it is organized and existing by virtue of the laws of the State of Delaware." Complaint, ¶ 2, at 1. However, Plaintiff mistakenly failed to allege defendant Hyatt Corporation's principal place of business. Accordingly, the court Plaintiff Bryan to show cause in a writing not to exceed five pages, filed on or before May 22, 2007, why this lawsuit should not be dismissed for lack of subject matter jurisdiction in the absence of allegations sufficient to support complete diversity, specifically, defendant Hyatt Corporation's principal place of business.

In response to same, Plaintiff alleges that Defendant Hyatt Corporation's principal place of business as reflected on the information gleaned from their website is Chicago, Illinois. (See website information attached as Exhibit A) Accordingly, Plaintiff has established Complete diversity of citizenship as required under § 1332. Plaintiff is prepared to file an amended complaint which corrects this deficiency. See Exhibit B.

Wherefore, Plaintiff, through her attorneys, respectfully requests that this court dismiss the Order to Show Cause and enter an order allowing Plaintiff to file the amended complaint attached as Exhibit B in order to correct this deficiency.

**SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, PC**

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

May 15, 2007

# EXHIBIT A

Hyatt Home > About Hyatt > Contact Us > FAQ > Miscellaneous

# ~~FAQ~~

Contact Us

FAQ

Contact Numbers

Group Sales Contacts

Gold Passport FAQ

## MISCELLANEOUS

**Q. Where can I send my resume? Where can I find information about Career Opportunities within Hyatt?**

A. Please click here.

**Q. How can I send e-mail messages to a guest?**

A. We are currently exploring this function; however, at this time, please use the hotel search utility on the right side of the page to find the contact information for an individual Hyatt property. Each hotel's mailing address, phone number and fax number can be found on the home page of a property site.

**Q. How can I get information about Hyatt Gold Passport?**

A. To view information about the Hyatt Gold Passport frequent guest program, please visit www.goldpassport.com or view the Gold Passport Frequently Asked Questions page.

**Q. Can I check-in early? Can I check-in late?**

A. Requests for an early check-in or an early checkout are honored as space permits. If the hotel you are visiting is full, we may be unable to grant your request. However, you are invited to store luggage and enjoy the facilities until your room becomes available.

**Q. How can I find information regarding a new Hyatt Hotel? Where are new Hyatt Hotels being built?**

A. To view a list of properties currently being developed, click here.

**Q. What is Camp Hyatt®? What Camp Hyatt® activities are offered?**

A. Camp Hyatt® is an exciting year-around program for children ages 3-12 and their families. Camp Hyatt®, was introduced in 1989 and remains a leading program in the industry because it focuses on activities the whole family can enjoy. It adds new focus on culture, history and environment and is available at participating Hyatt Resorts in the Caribbean, Hawaii, Continental U.S.A. and Mexico. Campers receive a welcome gift, kid-friendly menus, fun rewards and specially priced room service. To view further information regarding Camp Hyatt®, click here.

**Q. How can I receive a Hyatt Brochure via standard mail?**

A. We are happy to send you a brochure, but we encourage you to help us minimize our impact on the environment by clicking on one of the links below. Virtually all the facts and photos in the brochures can be found on the hotel pages here in www.hyatt.com. If you still prefer a brochure, you may order one by submitting the Contact Hyatt form

or by calling the nearest Hyatt Reservation Center.

Please be sure to include the name or location of the hotel that interests you.

**Q. Where can I send a survey? How may I receive information for an educational class or business project?**

A. Unfortunately, we do not currently have the resources available to individually research and respond to the questionnaires and/or surveys we receive. However, we have provided a wealth of information within the About Hyatt section.

**Q. What is your corporate address?**

A.
### Hyatt Hotels Corporation

**Hyatt Center**
**71 S. Wacker**
**Chicago, IL 60606**

**Q. How do I opt out of the Hyatt Extras program if I am not a Hyatt.com member?**

A. Click here and provide your e-mail address. You then will receive an e-mail that will provide you a direct link to your account information, where you can remove yourself from this list

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN

    Plaintiff,                        C/A 2:07-cv-11955
                                         HON: George Steeh

VS

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,

    Defendants

_____

_____/

**SERAFINI, MICHALOWSKI,**
**DERKACZ & ASSOCIATES,**
**PC**
PHILLIP S. SERAFINI
(P45085)
Attorneys for Plaintiffs,
38600 Van Dyke Avenue.,
Suite 250
Sterling Heights, MI 48312
(586) 264-3756

_____

_____/


## PLAINTIFF'S FIRST AMENDED COMPLAINT AND
## RELIANCE ON DEMAND FOR JURY TRIAL

2

NOW COMES the Plaintiff, GLENNA BRYAN, through her attorney, PHILLIP SERAFINI, and for her Amended Complaint, states unto the Court as follows:

## **GENERAL ALLEGATIONS**

1.    That Plaintiff, GLENNA BRYAN, is and was at all times relevant hereto a resident of the State of Michigan.

2.    That, upon information and belief, Defendant, HYATT CORPORATION, (hereafter Hyatt) is a citizen of the State of Delaware, in that it is organized and existing by virtue of the laws of the State of Delaware and whose principal place of business is in the city of Chicago, state of Illinois.

3.    That, upon information and belief, Defendant, MANCHESTER GRAND HYATT, is an assumed name for Defendant Hyatt which does business in the city of San Diego, state of California.

4.    That, upon information and belief, Defendant Jane Doe, whose name is unknown to Plaintiff but well known to Defendant

3

Hyatt, is a resident of the state of California who is employed by Defendant Hyatt Corporation d/b/a Manchester Grand Hyatt as a masseuse at the Manchester Grand Hyatt in San Diego, California and who, in the course and scope of her employment for Defendant Hyatt, injured Plaintiff on May 9, 2006 in the course of giving Plaintiff a massage.

5.    This Court has subject matter jurisdiction over this matter in that complete diversity in citizenship exists between the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

6.    That, on May 9, 2006, Plaintiff, GLENNA BRYAN, was a lawful paying guest of Defendant Hyatt Corporation staying at the Manchester Grand Hyatt in San Diego, California .

7.    That Defendant Hyatt advertised and offered to its guest certain Spa services, including but not limited to deep tissue

4

massages from their masseuse which their guests could purchase through Defendant Hyatt.

8.   That it was stated and/or impliedly warranted by Defendant Hyatt that the masseuse provided by Defendant Hyatt would be a qualified experienced masseuse who was knowledgeable in massage therapy and who could and would provide a safe massage without injuring the guests of Defendant Hyatt, such as Plaintiff, Glenn Bryan.

9.   That on said date, in reliance on that representation, Plaintiff, Glenna Bryan, did sign up for a deep tissue massage and the cost of same was charged to her room by Defendant Hyatt.

10.   That on said date, Defendant Jane Doe indicated that she was a qualified, experienced and competent masseuse who was knowledgeable in massage therapy and who could and would provide a safe massage to Plaintiff, Glenn Bryan.

11.   That, in fact during the massage, Defendant Jane Doe did suddenly, negligently and without warning injure Plaintiff by

exerting excessive and unnecessary force in the course of performing the massage and continued to do so after Plaintiff indicated that she was hurting her and caused Plaintiff to suffer the serious injuries described more fully herein.

12.   That at all times pertinent hereto, Defendant, Jane Doe, was an actual and/or ostensible employee of Defendant Hyatt who was acting within the course and scope of her employment for Defendant Hyatt.

## COUNT I

13.       Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations as if set forth herein.

14.   That Defendant, Jane Doe, owed a duty to Plaintiff, GLENNA BRYAN, to perform the massage in a careful, safe and reasonably prudent manner so as to not cause bodily injury to Plaintiff.

15.   That Defendant, Jane Doe, breached said duties on May 9, 2006, in one or more of the following ways:

a)   Performing the massage and manipulating plaintiff in a needlessly rough, careless, reckless and unsafe manner and without that regard for the safety of Plaintiff;

b)   By disregarding Plaintiff's wishes and concerns and continuing to carry on the massage in a needlessly rough, careless, reckless and unsafe manner;

c)   By failing to exercise reasonable and ordinary care in the performance of the massage;

d)   By failing to carry on the massage in a careful and prudent manner;

e)   By failing to warn Plaintiff of the possibility of injury from a deep tissue massage;

f)   By failing to use massage oil;

g)   By performing other acts of negligence which will be revealed through the course of discovery.

16.   That Defendant, Jane Doe's, breaches of duties as numerated above were the proximate causes of the damages and

injuries sustained by Plaintiff, GLENNA BRYAN, including, but not limited to:

a)   Multiple trauma and contusion;

b)   Bulging cervical disc;

c)   Shoulder injury;

d)   Bulging thoracic discs;

e)   Significant neurological damages;

f)   Extreme emotional and mental distress; and

g)   Loss of social pleasure and enjoyment, past, present and future.

17.   That Plaintiff injuries are objectively manifested and constitute a serious impairment of important body functions.

18.   That if it is established that Plaintiff, GLENNA BRYAN, was suffering from any of these conditions prior to this incident, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated, and/or accelerated by reason of the aforementioned incident.

8

## COUNT II

19.        Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations and Count I as if set forth herein.

20.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, held Defendant Jane Doe, out to be a competent and certified masseuse.

21.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, induced its guests, such as Plaintiff to purchase Spa services, such as deep tissue massage by impliedly and/or actually representing that Defendant Doe was a competent masseuse who was qualified and capable fo safely performing a deep tissue massage on its guests such as Plaintiff.

9

22.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, warranted that Defendant Doe was a competent masseuse who was qualified and capable of safely performing a deep tissue massage on its guests such as Plaintiff in order to induce Plaintiff and others to purchase a deep tissue massage and Plaintiff did in fact rely on that warranty when she purchased said massage.

22.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, is liable for the Plaintiff's injuries, which were caused by its agent and employee, Defendant, Jane Doe, in one or more of the following ways:

(a)   That Defendant, Hyatt, was the owner of the Spa servicing Plaintiff and the employer of Defendant, Jane Doe, at the time of the incident;

(b)  That Defendant, Jane Doe, was held out as a competent and certified Masseuse to the hotel guests, such as your Plaintiff herein and allowed to perform deep tissue massage for a fee on said guests, including Plaintiff, and therefore, Defendant, Hyatt, is vicariously liable for the negligence of its actual and/or ostensible employee;

(c)  That Defendant, Hyatt, was negligent in hiring Defendant, Jane Doe, and permitting her to perform deep tissue massages on its guests such as Plaintiff when Defendant, HYATT, knew or should have known that Defendant, JANE DOE, was an incompetent and/or inexperienced masseuse.

(d)  That Defendant Hyatt breached its implied or actual warranty that Defendant, Jane Doe, was a qualified, experienced and competent masseuse who was capable of safely performing a deep tissue massage on its guests such as Plaintiff without injuring her.

**WHEREFORE**, Plaintiff, GLENNA BRYAN, respectfully requests a judgment against Defendants, Hyatt Corporation d/b/a Manchester Grand Hyatt, and Defendant, Jane Doe, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars

11

she is deemed to be entitled to as to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

### RELIANCE ON DEMAND FOR TRIAL BY JURY

NOW COMES the above named Plaintiff, GLENNA BRYAN, by and through her attorney, PHILLIP S. SERAFINI, and hereby relies upon the original demand for a trial by jury of the allegations and matters set forth in the Plaintiff's Complaint.

**SERAFINI,    MICHALOWSKI, DERKACZ & ASSOCIATES, PC**

_____/S/_____

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

May 15, 2007

12

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN

     Plaintiff,                     C/A 2:07-cv-11955
                                        HON: George Steeh

vs

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,

     Defendants

_____/
_____

**SERAFINI, MICHALOWSKI,
DERKACZ & ASSOCIATES,
PC**
PHILLIP  S.  SERAFINI
(P45085)
Attorneys for Plaintiffs,
38600 Van Dyke Avenue.,
Suite 250
Sterling Heights, MI 48312
(586) 264-3756

_____
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND RELIANCE ON DEMAND FOR JURY TRIAL

2

NOW COMES the Plaintiff, GLENNA BRYAN, through her attorney, PHILLIP SERAFINI, and for her Amended Complaint, states unto the Court as follows:

## **GENERAL ALLEGATIONS**

1.    That Plaintiff, GLENNA BRYAN, is and was at all times relevant hereto a resident of the State of Michigan.

2.    That, upon information and belief, Defendant, HYATT CORPORATION, (hereafter Hyatt) is a citizen of the State of Delaware, in that it is organized and existing by virtue of the laws of the State of Delaware and whose principal place of business is in the city of Chicago, state of Illinois.

3.    That, upon information and belief, Defendant, MANCHESTER GRAND HYATT, is an assumed name for Defendant Hyatt which does business in the city of San Diego, state of California.

4.    That, upon information and belief, Defendant Jane Doe, whose name is unknown to Plaintiff but well known to Defendant

Hyatt, is a resident of the state of California who is employed by Defendant Hyatt Corporation d/b/a Manchester Grand Hyatt as a masseuse at the Manchester Grand Hyatt in San Diego, California and who, in the course and scope of her employment for Defendant Hyatt, injured Plaintiff on May 9, 2006 in the course of giving Plaintiff a massage.

5.    This Court has subject matter jurisdiction over this matter in that complete diversity in citizenship exists between the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

6.    That, on May 9, 2006, Plaintiff, GLENNA BRYAN, was a lawful paying guest of Defendant Hyatt Corporation staying at the Manchester Grand Hyatt in San Diego, California .

7.    That Defendant Hyatt advertised and offered to its guest certain Spa services, including but not limited to deep tissue

4

massages from their masseuse which their guests could purchase through Defendant Hyatt.

8.    That it was stated and/or impliedly warranted by Defendant Hyatt that the masseuse provided by Defendant Hyatt would be a qualified experienced masseuse who was knowledgeable in massage therapy and who could and would provide a safe massage without injuring the guests of Defendant Hyatt, such as Plaintiff, Glenn Bryan.

9.    That on said date, in reliance on that representation, Plaintiff, Glenna Bryan, did sign up for a deep tissue massage and the cost of same was charged to her room by Defendant Hyatt.

10.    That on said date, Defendant Jane Doe indicated that she was a qualified, experienced and competent masseuse who was knowledgeable in massage therapy and who could and would provide a safe massage to Plaintiff, Glenn Bryan.

11.    That, in fact during the massage, Defendant Jane Doe did suddenly, negligently and without warning injure Plaintiff by

5

exerting excessive and unnecessary force in the course of performing the massage and continued to do so after Plaintiff indicated that she was hurting her and caused Plaintiff to suffer the serious injuries described more fully herein.

12.    That at all times pertinent hereto, Defendant, Jane Doe, was an actual and/or ostensible employee of Defendant Hyatt who was acting within the course and scope of her employment for Defendant Hyatt.

## COUNT I

13.        Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations as if set forth herein.

14.    That Defendant, Jane Doe, owed a duty to Plaintiff, GLENNA BRYAN, to perform the massage in a careful, safe and reasonably prudent manner so as to not cause bodily injury to Plaintiff.

6

15.    That Defendant, Jane Doe, breached said duties on May

9, 2006, in one or more of the following ways:

a)    Performing the massage and manipulating plaintiff in a needlessly rough, careless, reckless and unsafe manner and without that regard for the safety of Plaintiff;

b)    By disregarding Plaintiff's wishes and concerns and continuing to carry on the massage in a needlessly rough, careless, reckless and unsafe manner;

c)    By failing to exercise reasonable and ordinary care in the performance of the massage;

d)    By failing to carry on the massage in a careful and prudent manner;

e)    By failing to warn Plaintiff of the possibility of injury from a deep tissue massage;

f)    By failing to use massage oil;

g)    By performing other acts of negligence which will be revealed through the course of discovery.

16.    That Defendant, Jane Doe's, breaches of duties as

numerated above were the proximate causes of the damages and

7

injuries sustained by Plaintiff, GLENNA BRYAN, including, but not limited to:

    a)    Multiple trauma and contusion;

    b)    Bulging cervical disc;

    c)    Shoulder injury;

    d)    Bulging thoracic discs;

    e)    Significant neurological damages;

    f)    Extreme emotional and mental distress; and

    g)    Loss of social pleasure and enjoyment, past, present and future.

17. That Plaintiff injuries are objectively manifested and constitute a serious impairment of important body functions.

18. That if it is established that Plaintiff, GLENNA BRYAN, was suffering from any of these conditions prior to this incident, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated, and/or accelerated by reason of the aforementioned incident.

## COUNT II

19.        Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations and Count I as if set forth herein.

20.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, held Defendant Jane Doe, out to be a competent and certified masseuse.

21.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, induced its guests, such as Plaintiff to purchase Spa services, such as deep tissue massage by impliedly and/or actually representing that Defendant Doe was a competent masseuse who was qualified and capable fo safely performing a deep tissue massage on its guests such as Plaintiff.

9

22.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, warranted that Defendant Doe was a competent masseuse who was qualified and capable of safely performing a deep tissue massage on its guests such as Plaintiff in order to induce Plaintiff and others to purchase a deep tissue massage and Plaintiff did in fact rely on that warranty when she purchased said massage.

22.   That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, is liable for the Plaintiff's injuries, which were caused by its agent and employee, Defendant, Jane Doe, in one or more of the following ways:

(a)   That Defendant, Hyatt, was the owner of the Spa servicing Plaintiff and the employer of Defendant, Jane Doe, at the time of the incident;

(b)    That Defendant, Jane Doe, was held out as a competent and certified Masseuse to the hotel guests, such as your Plaintiff herein and allowed to perform deep tissue massage for a fee on said guests, including Plaintiff, and therefore, Defendant, Hyatt, is vicariously liable for the negligence of its actual and/or ostensible employee;

(c)    That Defendant, Hyatt, was negligent in hiring Defendant, Jane Doe, and permitting her to perform deep tissue massages on its guests such as Plaintiff when Defendant, HYATT, knew or should have known that Defendant, JANE DOE, was an incompetent and/or inexperienced masseuse.

(d)    That Defendant Hyatt breached its implied or actual warranty that Defendant, Jane Doe, was a qualified, experienced and competent masseuse who was capable of safely performing a deep tissue massage on its guests such as Plaintiff without injuring her.

**WHEREFORE**, Plaintiff, GLENNA BRYAN, respectfully requests a judgment against Defendants, Hyatt Corporation d/b/a Manchester Grand Hyatt, and Defendant, Jane Doe, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars

11

she is deemed to be entitled to as to be reasonably determined by

a jury, together with interest, court costs, and attorney fees.

## RELIANCE ON DEMAND FOR TRIAL BY JURY

NOW COMES the above named Plaintiff, GLENNA BRYAN,

by and through her attorney, PHILLIP S. SERAFINI, and hereby

relies upon the original demand for a trial by jury of the allegations

and matters set forth in the Plaintiff's Complaint.


**SERAFINI,   MICHALOWSKI,
DERKACZ & ASSOCIATES, PC**


_____/S/_____
___
PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756


May 15, 2007

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN

      Plaintiff,

                                               C/A 2:07-cv-11955
                                               HON: George Steeh

vs

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,

      Defendants

                                                                      /

**SERAFINI, MICHALOWSKI,**
**DERKACZ & ASSOCIATES, PC**
PHILLIP S. SERAFINI (P45085)
Attorneys for Plaintiffs,
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

                                                                         /

### PLAINTIFF'S FIRST AMENDED COMPLAINT AND
### RELIANCE ON DEMAND FOR JURY TRIAL

      NOW COMES the Plaintiff, GLENNA BRYAN, through her attorney, PHILLIP

SERAFINI, and for her Amended Complaint, states unto the Court as follows:

### GENERAL ALLEGATIONS

      1.     That Plaintiff, GLENNA BRYAN, is and was at all times relevant hereto a

resident of the State of Michigan.

      2.     That, upon information and belief, Defendant, HYATT CORPORATION,

(hereafter Hyatt) is a citizen of the State of Delaware, in that it is organized and existing

by virtue of the laws of the State of Delaware and whose principal place of business is

in the city of Chicago, state of Illinois.

3.      That, upon information and belief, Defendant, MANCHESTER GRAND HYATT, is an assumed name for Defendant Hyatt which does business in the city of San Diego, state of California.

4.      That, upon information and belief, Defendant Jane Doe, whose name is unknown to Plaintiff but well known to Defendant Hyatt, is a resident of the state of California who is employed by Defendant Hyatt Corporation d/b/a Manchester Grand Hyatt as a masseuse at the Manchester Grand Hyatt in San Diego, California and who, in the course and scope of her employment for Defendant Hyatt, injured Plaintiff on May 9, 2006 in the course of giving Plaintiff a massage.

5.      This Court has subject matter jurisdiction over this matter in that complete diversity in citizenship exists between the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

6.      That, on May 9, 2006, Plaintiff, GLENNA BRYAN, was a lawful paying guest of Defendant Hyatt Corporation staying at the Manchester Grand Hyatt in San Diego, California .

7.      That Defendant Hyatt advertised and offered to its guest certain Spa services, including but not limited to deep tissue massages from their masseuse which their guests could purchase through Defendant Hyatt.

8.      That it was stated and/or impliedly warranted by Defendant Hyatt that the masseuse provided by Defendant Hyatt would be a qualified experienced masseuse who was knowledgeable in massage therapy and who could and would  provide a safe massage without injuring the guests of Defendant Hyatt, such as Plaintiff, Glenn Bryan.