9.    That on said date, in reliance on that representation, Plaintiff, Glenna Bryan, did sign up for a deep tissue massage and the cost of same was charged to her room by Defendant Hyatt.

10.    That on said date, Defendant Jane Doe indicated that she was a qualified, experienced and competent masseuse who was knowledgeable in massage therapy and who could and would  provide a safe massage to Plaintiff, Glenn Bryan.

11.    That, in fact during the massage, Defendant Jane Doe did suddenly, negligently and without warning injure Plaintiff by exerting excessive and unnecessary force in the course of performing the massage and continued to do so after Plaintiff indicated that she was hurting her and caused Plaintiff to suffer the serious injuries described more fully herein.

12.    That at all times pertinent hereto, Defendant, Jane Doe, was an actual and/or ostensible employee of Defendant Hyatt who was acting within the course and scope of her employment for Defendant Hyatt.

**COUNT I**

13.     Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations as if set forth herein.

14.     That Defendant, Jane Doe, owed a duty to Plaintiff, GLENNA BRYAN, to perform the massage in a careful, safe and reasonably prudent manner so as to not cause bodily injury to Plaintiff.

15.     That Defendant, Jane Doe, breached said duties on May 9, 2006, in one or more of the following ways:

a)     Performing the massage and manipulating plaintiff in a needlessly rough, careless, reckless and unsafe manner and without that regard for the safety of Plaintiff;

b)     By disregarding Plaintiff's wishes and concerns and continuing to carry on the massage in a needlessly rough, careless, reckless and unsafe manner;

c)     By failing to exercise reasonable and ordinary care in the performance of the massage;

d)     By failing to carry on the massage in a careful and prudent manner;

e)     By failing to warn Plaintiff of the possibility of injury from a deep tissue massage;

f)     By failing to use massage oil;

g)     By performing other acts of negligence which will be revealed through the course of discovery.

16.     That Defendant, Jane Doe's, breaches of duties as numerated above were the proximate causes of the damages and injuries sustained by Plaintiff, GLENNA BRYAN, including, but not limited to:

a)     Multiple trauma and contusion;

b)     Bulging cervical disc;

    c)      Shoulder injury;

    d)      Bulging thoracic discs;

    e)      Significant neurological damages;

    f)      Extreme emotional and mental distress; and

    g)      Loss of social pleasure and enjoyment, past, present and future.

17.    That Plaintiff injuries are objectively manifested and constitute a serious impairment of important body functions.

18.    That if it is established that Plaintiff, GLENNA BRYAN, was suffering from any of these conditions prior to this incident, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated, and/or accelerated by reason of the aforementioned incident.

## COUNT II

19.    Plaintiff hereby realleges and incorporates the allegations as set forth in the General Allegations and Count I as if set forth herein.

20.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, held Defendant Jane Doe, out to be a competent and certified masseuse.

21.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the employer of the masseuse, Defendant, Jane Doe, induced its guests, such as Plaintiff to purchase Spa services, such as deep tissue massage by impliedly and/or

actually representing that Defendant Doe was a competent masseuse who was qualified and capable fo safely performing a deep tissue massage on its guests such as Plaintiff.

22.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, warranted that Defendant Doe was a competent masseuse who was qualified and capable of safely performing a deep tissue massage on its guests such as Plaintiff in order to induce Plaintiff and others to purchase a deep tissue massage and Plaintiff did in fact rely on that warranty when she purchased said massage.

23.    That the Defendant, Hyatt d/b/a the Manchester Grand Hyatt as the actual or ostensible owner of the Spa located therein and the actual or ostensible employer of the masseuse, Defendant, Jane Doe, is liable for the Plaintiff's injuries, which were caused by its agent and employee, Defendant, Jane Doe, in one or more of the following ways:

(a)    That Defendant, Hyatt, was the owner of the Spa servicing Plaintiff and the employer of Defendant, Jane Doe, at the time of the incident;

(b)    That Defendant, Jane Doe, was held out as a competent and certified Masseuse to the hotel guests, such as your Plaintiff herein and allowed to perform deep tissue massage for a fee on said guests, including Plaintiff, and therefore, Defendant, Hyatt, is vicariously liable for the negligence of its actual and/or ostensible employee;

(c)    That Defendant, Hyatt, was negligent in hiring Defendant, Jane Doe, and permitting her to perform deep tissue massages on its guests such as Plaintiff when Defendant, HYATT, knew or should have known that Defendant, JANE DOE, was an incompetent and/or inexperienced masseuse.

    (d)    That Defendant Hyatt breached its implied or actual warranty that Defendant, Jane Doe, was a qualified, experienced and competent masseuse who was capable of safely performing a deep tissue massage on its guests such as Plaintiff without injuring her.

**WHEREFORE**, Plaintiff, GLENNA BRYAN, respectfully requests a judgment against Defendants, Hyatt Corporation d/b/a Manchester Grand Hyatt, and Defendant, Jane Doe, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars she is deemed to be entitled to as to be reasonably determined by a jury, together with interest, court costs, and attorney fees.

## RELIANCE ON DEMAND FOR TRIAL BY JURY

NOW COMES the above named Plaintiff, GLENNA BRYAN, by and through her attorney, PHILLIP S. SERAFINI, and hereby relies upon the original demand for a trial by jury of the allegations and matters set forth in the Plaintiff's Complaint.

**SERAFINI, MICHALOWSKI,
DERKACZ & ASSOCIATES, PC**

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

May 15, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

    Plaintiff,

             Case No. 07-CV-11955
vs.            HON. GEORGE CARAM STEEH

HYATT CORPORATION, et al.,

    Defendants.

_____/

### ORDER DISMISSING MAY 9, 2007 SHOW CAUSE ORDER (#2)

On May 9, 2007, plaintiff was ordered to show cause by May 22, 2007 why this case should not be dismissed for lack of federal subject matter jurisdiction in the absence of allegations sufficient to ascertain defendant Hyatt Corporation's principal place of business and, thus, establish complete diversity. See 28 U.S.C. § 1332(a)(1), (c)(1); JP Morgan Chase Bank v. Traffic Steam (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002). Plaintiff filed a timely response and a First Amended Complaint on May 15, 2007 alleging Hyatt Corporation is a Delaware corporation with its principal place of business in Illinois. Plaintiff alleges she is a citizen of Michigan. Plaintiff has thus shown cause by alleging sufficient facts to establish complete diversity in this lawsuit. See Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Accordingly,

The court's order requiring plaintiff to show cause is hereby DISMISSED.

SO ORDERED.

Dated: May 21, 2007

        s/George Caram Steeh_____
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 21, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

# United States District Court
# Eastern District of Michigan



*Summons in a Civil Action and Return of Service Form*

F I L E D

JUN 1 4 2007

~~CLERK'S OFFICE~~ DETROIT

Case: 2:07-cv-11955
Assigned To: Steeh, George Caram
Referral Judge: Morgan, Virginia M

**Plaintiff(s) Name**

Glenna Bryan

VS.

**Defendant(s) Name**

Hyatt Corporation d/b/q
Manchester Grand Hyatt &
Jane Doe

**Plaintiffs attorney, address and telephone:**

Serafini, Michalowski, Derkacz
& Associates
By Phillip Serafini (P45085)
33600 Van Dyke Ave., Ste 250
Sterling Hts, MI 48312
(586) 264-3756

**Name and address of defendant being served:**

Hyatt Corporation d/b/q
Manchester Grand Hyatt
c/o United States Corporation Co.
601 Abbott Rd.
East Lansing, MI 48823

*To the defendant*

This summons is notification that YOU ARE BEING SUED by the above named plaintiff(s).

1. You are required to serve upon the plaintiff's attorney, name and address above, an answer to the complaint within ___ days after receiving this summons, or take other actions that are permitted by the Federal Rules of Civil Procedure.

2. You must file the original and one copy of your answer within the time limits specified above with the Clerk of Court.

3. Failure to answer or take other action permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the complaint.

**David J. Weaver**
**Clerk of the Court**

By: _____
          **Deputy Clerk**

**MAY - 4 2007**

_____
          **Date of Issuance**

# RETURN OF SERVICE

A copy of the summons and complaint has been served upon the defendant in the manner indicated below:

Name of Defendant served: _HXA Texas Corporation Co._

Date of service: _6-7-07_

## Method of Service

☐ Personally served at this address: _____

☐ Left copies at the defendant's usual
place of abode with (name of person): _____

At this address: _____

☒ Other (please specify): _SERVED REGISTERED AGENT U.S. Corporation Co. by CERTIFIED MAIL (GREEN CARD ATTACHED)_

Service fees:   Travel $ _____   Service $ _____   Total $ _____

_I declare under the penalty of perjury that the information contained in this Return of Service is true._

Date _6/12/07_

Signature of server

Server's printed name _Phillip Serafini_

Server's address _38600 Van Dyke Ste 250 Sterling Heights MI 48312_

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>United States Corporation Co<br>601 Abbott Rd<br>East Lansing, MI<br>        48823 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:     ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0810 0001 7290 4542 |

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

      Plaintiff,

vs.                                  Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation    HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

      Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085) | JUDITH A. MOSKUS (P32072) |
| Serafini, Michalowski, Derkacz & | RENEE BIRNBAUM (P50092) |
| Associates, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 38600 Van Dyke Avenue, Suite 250 | 101 North Main Street, Suite 460 |
| Sterling Heights, MI 48312 | Ann Arbor, MI 48104-5507 |
| (586) 264-3756/264-3783 (FAX) | (734) 930-5600 |
| | E-mail: jmoskus@garanlucow.com |
| | E-mail: rbirnbaum@garanlucow.com |

## DEFENDANT HYATT CORPORATION/D/B/A/ MANCHESTER GRAND HYATT SAN DIEGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

    Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN

DIEGO (incorrectly designated in the First Amended Complain as "Hyatt Corporation d/b/a

Manchester Grand Hyatt,") by and through their attorneys GARAN LUCOW MILLER, P.C.,

states as follows for its Answer to the Plaintiff's First Amended Complaint:

    1.    It is without knowledge or information sufficient to form a belief as to the truth

of the averments contained in paragraph 1 of the Plaintiff's First Amended Complaint, and,

therefore, denies them. It expressly denies that this Court has limited or general

personal/*in personam* jurisdiction over it.

    2.    It denies the averments contained in paragraph 2 of the Plaintiff's First

Amended Complaint as stated. It expressly denies that this Court has limited or general personal/*in personam* jurisdiction over it.

3.      It admits that Manchester Grand Hyatt San Diego does business in the state of California. Except as herein admitted, it denies the remaining averments contained in paragraph 3 of the Plaintiff's First Amended Complaint as stated. It expressly denies that this Court has limited or general personal */in personam* jurisdiction over it.

4.      It denies the averments contained in paragraph 4 of the Plaintiff's First Amended Complaint as stated.

5.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

6.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

7.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

8.      It denies the averments contained in paragraph 8 of the Plaintiff's First Amended Complaint.

9.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

10.     It is without knowledge or information sufficient to form a belief as to the truth

2

of the averments contained in paragraph 10 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

11.    It denies the averments contained in paragraph 11 of the Plaintiff's First Amended Complaint.

12.    It denies the averments contained in paragraph 12 of the Plaintiff's First Amended Complaint.

### Count I

13.    For its answer to paragraph 13 of the Plaintiff's First Amended Complaint, it adopts, re-avers and incorporates each and every response as previously given to paragraphs 1-12 as if fully rewritten herein.

14.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

15.    It denies the averments contained in paragraphs 15 and 15 a) through 15 g) of the Plaintiff's First Amended Complaint.

16.    It denies the averments contained in paragraphs 16 and 16 a) through 16 g) of the Plaintiff's First Amended Complaint.

17.    It denies the averments contained in paragraph 17 of the Plaintiff's First Amended Complaint and further asserts that this standard is inapplicable.

18.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

3

### Count II

19.      For its answer to paragraph 19 of the Plaintiff's First Amended Complaint, it adopts, re-avers and incorporates each and every response as previously given to paragraphs 1-18 as if fully rewritten herein.

20.      It denies the averments contained in paragraph 20 of the Plaintiff's First Amended Complaint.

21.      It denies the averments contained in paragraph 21 of the Plaintiff's First Amended Complaint.

22.      It denies the averments contained in paragraph 22 of the Plaintiff's First Amended Complaint.

22.(sic)      It denies the averments contained in paragraphs 22 and 22 (a) through 22(d) of the Plaintiff's First Amended Complaint.

WHEREFORE, the Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN DIEGO requests this Court to dismiss the Plaintiff's First Amended Complaint against it with prejudice and that it be awarded any and all relief to which it may be entitled, including all costs and attorney fees.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      This Court lacks general and limited personal jurisdiction over this defendant pursuant to MCL 600. 701; MSA § 27A.701, MCL 600.705; MSA § 27A.705, MCL 600.711; MSA § 27A.711, MCL 600.715; MSA § 27A. 715, MCL 600.721; MSA § 27A.721, MCL 600.725; MSA § 27A.725, MCL 600.731; MSA § 27A.731, MCL 600.735; MSA §

4

27A.735, and MCL 600.745; MSA § 27A.745, and the Due Process Clause of the Fourteenth Amendment, U.S.C.A. Const. Amend. 14.

### SECOND AFFIRMATIVE DEFENSE

2.    This action has been filed against this defendant in the wrong county and district and therefore, venue is improper.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4.    This defendant is not subject to service of process in this court and district and therefore, there is insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff was contributorily negligent, which negligence was the proximate cause of her alleged injuries.

### SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff has failed to mitigate her own damages.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff has failed to join all necessary and indispensable parties pursuant to Fed. R. Civ. P. 19 and this defendant is an improper party defendant.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims are barred due to accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred due to waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff's claims are barred due to release.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's action is barred due to assumption of the risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's claims are barred due to prior settlement.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    This defendant reserves the right to add any additional affirmative defenses

of which it may become aware during the pendency of this litigation.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.


_____/s/_____
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

## RELIANCE ON JURY DEMAND

Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN

6

DIEGO, by and through its attorneys GARAN LUCOW MILLER, P.C., hereby gives notice

that it will rely upon the Plaintiff's filed original and subsequent jury demand on each and

every issue in the above-captioned cause.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

/s/
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn, says that on this date she served a copy
of the **DEFENDANT HYATT CORPORATION D/B/A MANCHESTER GRAND HYATT
SAN DIEGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, RELIANCE ON JURY DEMAND and PROOF OF
SERVICE** upon the following individual:

PHILLIP S. SERAFINI
38600 Van Dyke Avenue, Suite 250
Sterling Heights, MI 48312

by enclosing said documents in an envelope to the above said address(es) and depositing
same in the United States mail, postage duly prepaid.

s/Renee Birnbaum
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

102946.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

     Plaintiff,

vs.                                  Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation     HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

     Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085)<br>Serafini, Michalowski, Derkacz &<br>Associates, P.C.<br>Attorneys for Plaintiff<br>38600 Van Dyke Avenue, Suite 250<br>Sterling Heights, MI 48312<br>(586) 264-3756/264-3783 (FAX) | JUDITH A. MOSKUS (P32072)<br>RENEE BIRNBAUM (P50092)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendants<br>101 North Main Street, Suite 460<br>Ann Arbor, MI 48104-5507<br>(734) 930-5600<br>E-mail: jmoskus@garanlucow.com<br>E-mail: rbirnbaum@garanlucow.com |

**DEFENDANT HYATT CORPORATION/D/B/A/ MANCHESTER GRAND HYATT SAN DIEGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

     Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN DIEGO (incorrectly designated in the First Amended Complain as "Hyatt Corporation d/b/a Manchester Grand Hyatt,") by and through their attorneys GARAN LUCOW MILLER, P.C., states as follows for its Answer to the Plaintiff's First Amended Complaint:

     1.     It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Plaintiff's First Amended Complaint, and, therefore, denies them. It expressly denies that this Court has limited or general personal/*in personam* jurisdiction over it.

     2.     It denies the averments contained in paragraph 2 of the Plaintiff's First

Amended Complaint as stated. It expressly denies that this Court has limited or general personal/*in personam* jurisdiction over it.

3.      It admits that Manchester Grand Hyatt San Diego does business in the state of California. Except as herein admitted, it denies the remaining averments contained in paragraph 3 of the Plaintiff's First Amended Complaint as stated. It expressly denies that this Court has limited or general personal */in personam* jurisdiction over it.

4.      It denies the averments contained in paragraph 4 of the Plaintiff's First Amended Complaint as stated.

5.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

6.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

7.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

8.      It denies the averments contained in paragraph 8 of the Plaintiff's First Amended Complaint.

9.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

10.     It is without knowledge or information sufficient to form a belief as to the truth

2

of the averments contained in paragraph 10 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

11.    It denies the averments contained in paragraph 11 of the Plaintiff's First Amended Complaint.

12.    It denies the averments contained in paragraph 12 of the Plaintiff's First Amended Complaint.

### Count I

13.    For its answer to paragraph 13 of the Plaintiff's First Amended Complaint, it adopts, re-avers and incorporates each and every response as previously given to paragraphs 1-12 as if fully rewritten herein.

14.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

15.    It denies the averments contained in paragraphs 15 and 15 a) through 15 g) of the Plaintiff's First Amended Complaint.

16.    It denies the averments contained in paragraphs 16 and 16 a) through 16 g) of the Plaintiff's First Amended Complaint.

17.    It denies the averments contained in paragraph 17 of the Plaintiff's First Amended Complaint and further asserts that this standard is inapplicable.

18.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

3

### Count II

19.    For its answer to paragraph 19 of the Plaintiff's First Amended Complaint, it adopts, re-avers and incorporates each and every response as previously given to paragraphs 1-18 as if fully rewritten herein.

20.    It denies the averments contained in paragraph 20 of the Plaintiff's First Amended Complaint.

21.    It denies the averments contained in paragraph 21 of the Plaintiff's First Amended Complaint.

22.    It denies the averments contained in paragraph 22 of the Plaintiff's First Amended Complaint.

22.(sic)    It denies the averments contained in paragraphs 22 and 22 (a) through 22(d) of the Plaintiff's First Amended Complaint.

WHEREFORE, the Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN DIEGO requests this Court to dismiss the Plaintiff's First Amended Complaint against it with prejudice and that it be awarded any and all relief to which it may be entitled, including all costs and attorney fees.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    This Court lacks general and limited personal jurisdiction over this defendant pursuant to MCL 600. 701; MSA § 27A.701, MCL 600.705; MSA § 27A.705, MCL 600.711; MSA § 27A.711, MCL 600.715; MSA § 27A. 715, MCL 600.721; MSA § 27A.721, MCL 600.725; MSA § 27A.725, MCL 600.731; MSA § 27A.731, MCL 600.735; MSA §

4

27A.735, and MCL 600.745; MSA § 27A.745, and the Due Process Clause of the Fourteenth Amendment, U.S.C.A. Const. Amend. 14.

## SECOND AFFIRMATIVE DEFENSE

2.      This action has been filed against this defendant in the wrong county and district and therefore, venue is improper.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

4.      This defendant is not subject to service of process in this court and district and therefore, there is insufficiency of process.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff was contributorily negligent, which negligence was the proximate cause of her alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff has failed to mitigate her own damages.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff has failed to join all necessary and indispensable parties pursuant to Fed. R. Civ. P. 19 and this defendant is an improper party defendant.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's claims are barred due to accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred due to waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred due to release.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's action is barred due to assumption of the risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred due to prior settlement.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     This defendant reserves the right to add any additional affirmative defenses

of which it may become aware during the pendency of this litigation.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.


    s/ Renee Birnbaum (P50092)
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

## RELIANCE ON JURY DEMAND

Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN

6

DIEGO, by and through its attorneys GARAN LUCOW MILLER, P.C., hereby gives notice

that it will rely upon the Plaintiff's filed original and subsequent jury demand on each and

every issue in the above-captioned cause.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.


s/ Renee Birnbaum (P50092)
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn, says that on this date she served a copy of the **DEFENDANT HYATT CORPORATION D/B/A MANCHESTER GRAND HYATT SAN DIEGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, RELIANCE ON JURY DEMAND and PROOF OF SERVICE** upon the following individual:

PHILLIP S. SERAFINI
38600 Van Dyke Avenue, Suite 250
Sterling Heights, MI 48312

by enclosing said documents in an envelope to the above said address(es) and depositing same in the United States mail, postage duly prepaid.

s/Renee Birnbaum
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

102946.1

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

      Plaintiff,

vs.    Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation    HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

      Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085)<br>Serafini, Michalowski, Derkacz &<br>Associates, P.C.<br>Attorneys for Plaintiff<br>38600 Van Dyke Avenue, Suite 250<br>Sterling Heights, MI 48312<br>(586) 264-3756/264-3783 (FAX) | JUDITH A. MOSKUS (P32072)<br>RENEE BIRNBAUM (P50092)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendant, etc.<br>101 North Main Street, Suite 460<br>Ann Arbor, MI 48104-5507<br>(734) 930-5600<br>E-mail: jmoskus@garanlucow.com<br>E-mail: rbirnbaum@garanlucow.com |

## STIPULATION AND ORDER FOR ECF REMOVAL OF DOCUMENT AND DOCUMENT IMAGE NUMBER 10

Plaintiff and Defendant Hyatt Corporation d/b/a Manchester Grand Hyatt San Diego

hereby stipulate to the ECF removal of document and document image Number 10,

*instanter*, filed in this action on June 29, 2007 at approximately 1:20 PM EDT .

| | |
|---|---|
| /s/ with consent of Phillip S. Serafini<br>PHILLIP S. SERAFINI (P45085)<br>Attorneys for Plaintiff<br>38600 Van Dyke Avenue, Suite 250<br>Sterling Heights, MI 48312<br>(586) 264-3756<br>E-mail: psslaw@msn.com | /s/ Renee Birnbaum<br>JUDITH A. MOSKUS (P32072)<br>RENEE BIRNBAUM (P50092)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendant,<br>101 North Main Street, Suite 460<br>Ann Arbor, MI 48104-5507<br>(734) 930-5600<br>E-mail: jmoskus@garanlucow.com<br>E-mail: rbirnbaum@garanlucow.com |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

      Plaintiff,

vs.                                                       Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation    HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

      Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085) | JUDITH A. MOSKUS (P32072) |
| Serafini, Michalowski, Derkacz & | RENEE BIRNBAUM (P50092) |
| Associates, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant, etc. |
| 38600 Van Dyke Avenue, Suite 250 | 101 North Main Street, Suite 460 |
| Sterling Heights, MI 48312 | Ann Arbor, MI 48104-5507 |
| (586) 264-3756/264-3783 (FAX) | (734) 930-5600 |
| | E-mail: jmoskus@garanlucow.com |
| | E-mail: rbirnbaum@garanlucow.com |

## ORDER FOR ECF REMOVAL OF DOCUMENT
## AND DOCUMENT IMAGE NUMBER 10

      In accordance with the stipulation of the Plaintiff, GLENNA BRYAN, by and through

counsel and Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT

SAN DIEGO, by and through counsel :

      IT IS HEREBY ORDERED that there be ECF removal of document and document

image Number 10, *instanter,* filed in this action on June 29, 2007 at approximately 1:20 PM

EDT.

                           s/George Caram Steeh

Dated: 7/9/07                        U. S. District Judge

MIED (Rev. 5/05) Statement of Disclosure of Corporate Affiliations and Financial Interest

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Glenna Bryan

Plaintiff(s),                                    Case No.  2:07-cv-11955

v.                                               Judge   George Steeh

Hyatt Corporation, a Delaware
corporation d/b/a Manchester Grand       Magistrate Judge
Hyatt, and Jane Doe (Hyatt Spa Masseuse)
           Defendant(s).
_____/

## STATEMENT OF DISCLOSURE
## OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

                                    Hyatt Corporation, a Delaware Corporation, d/b/a
Pursuant to E. D. Mich. LR 83.4, Manchester Grand Hyatt
                                              [Name of Party]

makes the following disclosure:  *(NOTE: A negative report, if appropriate, is required.)*

1.      Is said corporate party a subsidiary or affiliate of a publicly owned corporation?

        Yes ❏    No ☒

        If the answer is yes, list below the identity of the parent corporation or affiliate and the relationship
        between it and the named party.

        Parent Corporation/Affiliate Name: _____
        Relationship with Named Party: _____

2.      Is there a publicly owned corporation or its affiliate, not a party to the case, that has a substantial financial
        interest in the outcome of the litigation?

        Yes ❏    No ☒

        If the answer is yes, list the identity of such corporation or affiliate and the nature of the financial interest.

        Parent Corporation/Affiliate Name: _____
        Nature of Financial Interest: _____

Date:  June 29. 2007                    /s/ Renee Birnbaum
                                         Signature
                                         P50092
                                         Bar No.
                                         101 North Main Street, Suite 460
                                         Street Address
                                         Ann Arbor, MI 48104-5507
                                         City, State, Zip Code
                                         734-930-5600
                                         Telephone Number
                                         rbirnbaum@garanlucow.com
                                         Primary Email Address

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Glenna Bryan,

                        Plaintiff(s),

v.                                              Case No. 2:07–cv–11955–GCS–VMM
                                                Hon. George Caram Steeh

Hyatt Corporation, et al.,

                        Defendant(s).

_____

### NOTICE TO APPEAR

   You are hereby notified to appear before the Honorable George Caram Steeh, Theodore Levin U.S. Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan, for the following proceeding(s):

   • SCHEDULING CONFERENCE:  July 25, 2007 at 02:30 PM

### Certification

   I hereby certify that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record by electronic means or first class U.S. mail.

                        By: s/ M. Beauchemin
                            Case Manager

Dated:  June 29, 2007

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

     Plaintiff,

vs.                                                     Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation        HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

     Defendants.

---

| | |
|---|---|
| Phillip S. Serafini (P45085) | JUDITH A. MOSKUS (P32072) |
| Serafini, Michalowski, Derkacz & | RENEE BIRNBAUM (P50092) |
| Associates, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant, etc. |
| 38600 Van Dyke Avenue, Suite 250 | 101 North Main Street, Suite 460 |
| Sterling Heights, MI 48312 | Ann Arbor, MI 48104-5507 |
| (586) 264-3756/264-3783 (FAX) | (734) 930-5600 |
| | E-mail: jmoskus@garanlucow.com |
| | E-mail: rbirnbaum@garanlucow.com |

---

## STIPULATION AND ORDER FOR ECF REMOVAL OF DOCUMENT AND DOCUMENT IMAGE NUMBER 10

     Plaintiff and Defendant Hyatt Corporation d/b/a Manchester Grand Hyatt San Diego

hereby stipulate to the ECF removal of document and document image Number 10,

*instanter*, filed in this action on June 29, 2007 at approximately 1:20 PM EDT .

| | |
|---|---|
| /s/ with consent of Phillip S. Serafini | /s/ Renee Birnbaum |
| PHILLIP S. SERAFINI (P45085) | JUDITH A. MOSKUS (P32072) |
| Attorneys for Plaintiff | RENEE BIRNBAUM (P50092) |
| 38600 Van Dyke Avenue, Suite 250 | GARAN LUCOW MILLER, P.C. |
| Sterling Heights, MI 48312 | Attorneys for Defendant, |
| (586) 264-3756 | 101 North Main Street, Suite 460 |
| E-mail: psslaw@msn.com | Ann Arbor, MI 48104-5507 |
| | (734) 930-5600 |
| | E-mail: jmoskus@garanlucow.com |
| | E-mail: rbirnbaum@garanlucow.com |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

      Plaintiff,

vs.                               Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation    HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

      Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085) | JUDITH A. MOSKUS (P32072) |
| Serafini, Michalowski, Derkacz & | RENEE BIRNBAUM (P50092) |
| Associates, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant, etc. |
| 38600 Van Dyke Avenue, Suite 250 | 101 North Main Street, Suite 460 |
| Sterling Heights, MI 48312 | Ann Arbor, MI 48104-5507 |
| (586) 264-3756/264-3783 (FAX) | (734) 930-5600 |
| | E-mail: jmoskus@garanlucow.com |
| | E-mail: rbirnbaum@garanlucow.com |

## ORDER FOR ECF REMOVAL OF DOCUMENT
## AND DOCUMENT IMAGE NUMBER 10

      In accordance with the stipulation of the Plaintiff, GLENNA BRYAN, by and through
counsel and Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT
SAN DIEGO, by and through counsel :

      IT IS HEREBY ORDERED that there be ECF removal of document and document
image Number 10, *instanter*, filed in this action on June 29, 2007 at approximately 1:20 PM
EDT.

                          s/George Caram Steeh

Dated: 7/9/07                       U. S. District Judge

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GLENNA BRYAN,

                     Plaintiff(s),

v.

CASE NUMBER 07-11955

HON. GEORGE CARAM STEEH

HYATT CORPORATION, et al
                 Defendant(s).

_____/

### SCHEDULING ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Witness Lists Exchanged By: | 11-1-2007 |
| Discovery Cutoff: | 1-25-2008 |
| Stipulation for Case Evaluation due: | 1-25-2008 |
| Dispositive Motions due: | 2-25-2008 |
| Final Pretrial Order due: | 5-27-2008 |
| Final Pretrial Conference: | 6-2-2008 at 10:00 a.m. Detroit |
| Trial Date (Trailing Docket): | 6-10-2008 9:00 a.m. Detroit |
| Estimated Length of Trial | 3 days |
| **JURY Trial** | |
| *Defendants may amend answer on or before 8-8-2007 | |
| Dated: July 25, 2007 | |

I.        Computation of time under this order and under any notice of any scheduling order or
          notice in this cause shall be in conformity and accordance with Federal Rule of Civil
          Procedure 6(a).

II.       DISCOVERY.  This Court will not order discovery to take place subsequent to the
          discovery cutoff date.  Parties may agree to extend the discovery deadline by filing a
          stipulation with the Court; no motion is required.  Extensions or adjournments of all
          other dates will only be considered upon the filing of a timely written motion.  Local
          Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of
          this rule may result in sanctions.

III.      WITNESSES.  The deadline for exchange of witness lists refers to all witnesses, lay
          and expert.

IV.       DISPOSITIVE MOTIONS.  When filing motions for summary judgment, parties shall
          proceed in accordance with the following:

          A.     Before filing a motion for summary judgment or responding to such a motion,
                 the parties are urged to familiarize themselves with Celotex Corp. v. Catrett,
                 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986),
                 and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S.
                 574 (1986).  An excellent summary of these cases appears in Street v. J.C.
                 Bradford & Co., 886 F.2d 1472 (6th Cir. 1989).  See also Schwarzer,
                 Summary Judgment under the Federal Rules: Defining Genuine Issues of
                 Material Fact, 99 F.R.D. 465 (1984).

          B.     Facts stated in the statement of material facts must be supported with
                 citations to either the pleadings, interrogatories, admissions, depositions,
                 affidavits, or documentary exhibits.

          C.     Counsel are discouraged from employing elaborate boilerplate recitations of
                 the summary judgment standard or lengthy string citations in support of well
                 established legal principles.  Instead, counsel should focus their analysis on a
                 few well chosen cases, preferably recent and from controlling courts.  Where
                 unpublished opinions or opinions published only in a specialty reporter are
                 cited, copies of the cases must be submitted along with the brief.

V.        STIPULATION FOR MEDIATION must be submitted by the date set.  Referral to
          mediation panel will be made following receipt of the stipulation.

VI.       ORAL ARGUMENT ON MOTIONS.  Attorneys who do not respond to motions in a
          timely fashion will not be permitted to argue before the Court during oral argument.

VII.     FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER.  The Court has established a date for a final pretrial conference.  Following is the procedure counsel are to utilize to prepare for the final pretrial conference and the final pretrial order:

A.     Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph and (3) exchange documents that will be offered in evidence at the trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court.  Counsels' meeting shall be had sufficiently in advance of the date of the scheduled Conference with the Court so that counsel for each party can furnish all other counsel with a statement of the real issues the party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.  Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit[1] the original and three copies of the final draft of the proposed pretrial order to the Judge's chambers (or in open court, if so directed) on the date fixed for submission.  All instructions contained within this order must be followed carefully; they will be binding on the parties  at trial.  If there are any pending motions requiring determination in advance of trial,[2] they should specifically be called to the Court's attention not later than the date of submission of the final pretrial order.

The final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court.  AN ORIGINAL, JUDGE'S COPY AND SUFFICIENT COPIES FOR ALL COUNSEL ARE TO BE SUBMITTED TO CHAMBERS ON OR BEFORE THE DUE DATE.

The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide.

B.     Parties shall attend the final pretrial conference along with the attorneys who will try the case.  Those attorneys will familiarize themselves with the pretrial rules and will come to the conference with full authority to accomplish the purposes of Rule 16 (including simplifying the issues, expediting the trial and saving expense to litigants).  Counsel shall be prepared to discuss compromise settlement possibilities at the conference without the necessity of obtaining confirmatory authorization from their clients.  Parties themselves must attend the final pretrial conference unless the Court has agreed to other arrangements prior to the date of the conference.

VIII.    At least <u>ONE WEEK</u> prior to beginning of trial term all counsel shall furnish to the court the following:

A.    In jury cases, any requests for <u>VOIR DIRE</u> and proposed <u>JOINT JURY INSTRUCTIONS</u>. In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions. **No later than one week prior to the first day of trial, the parties are to file with the court a single set of proposed, stipulated jury instructions, in writing and on computer disc.** The Court will provide proposed opening and closing instructions, and counsel are responsible for all instructions related to their specific claims or defenses. All such instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). In addition, each party shall separately file any additional proposed instructions to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

B.    In non-jury cases, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW</u>.

C.    A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

IX.    ITEMS FILED UNDER SEAL. Pursuant to Local Rule 5.3, items filed under seal must be retrieved by counsel within 60 days after final judgment or appellate mandate, or the Court will order such items filed in the public case file.

X.    FILING BY ELECTRONIC MEANS - EXCEPTION TO LOCAL RULE 5.1.1. A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and Proposed Jury Instructions MUST be delivered to the Court and labeled Judge's Copy.

## LR 16.2   Joint Final Pretrial Order

**(a)    Joint Final Pretrial Order.** The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference.

**(NOTE:  THIS COURT REQUIRES THAT THE JOINT FINAL PRETRIAL ORDER BE FURNISHED <u>AT LEAST ONE WEEK BEFORE</u> THE TIME SET FOR THE FINAL PRETRIAL CONFERENCE.)**

This joint final pretrial order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order.  Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order.  Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order.  Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption.  The order shall provide for the signature of the Court and, when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order. The pretrial order shall not be a vehicle for adding claims or defenses.  The order will not be filed in the Clerk's Office until the Judge has signed it.

**(b)    Contents of Order.**  The joint final pretrial order shall contain, under numbered and captioned headings, the following:

**(1)    Jurisdiction.**  The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

**(2)    Plaintiffs' Claims.**  The statement of the claim or claims of plaintiffs shall include legal theories.

**(3)    Defendants' Claims.**  The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

**(4)    Stipulation of Facts.**  The parties shall state, in separately numbered paragraphs, all uncontested facts.

**(5)    Issues of Fact to be Litigated.**

**(6)    Issues of Law to be Litigated.**

**(7)    Evidence Problems Likely to Arise at Trial.**  Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P. 26(a)(3). The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

**(8)    Witnesses.**  Each party shall list all witnesses whom that party will call and all witnesses whom that party may call.  This listing shall include, but is not limited to, the

disclosures required under Fed.R.Civ.P. 26(a)(3)(A) and (B). A party may, without further notice, call a witness listed by another party as a "will call" witness. Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed. The list shall state whether the witness is an expert and whether testimony will be offered by deposition. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list a witness.

(9) **Exhibits.**[3] The parties shall number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed.R.Civ.P. 26(a)(3)(C). Objections to listed exhibits must be stated in the joint pretrial order. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list an exhibit.

(10) **Damages.** The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data. The parties shall stipulate to those damages not in dispute.

(11) **Trial.**

(A) Jury or non-jury.

(B) Estimated length of trial.

(12) **Settlement.** Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions. They may state that they wish the Court to schedule a settlement conference.

(c) **Failure to Cooperate.** For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

(d) **Filing of Trial Briefs, Findings and Instructions.** The joint final pretrial order shall further provide that trial briefs, proposed findings of facts and conclusions of law in nonjury cases shall be filed on the first day of trial.

**(NOTE: THIS COURT REQUIRES THAT TRIAL BRIEFS, MOTIONS IN LIMINE, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN NON-JURY CASES, OR PROPOSED JURY INSTRUCTIONS IN JURY CASES SHALL BE FILED ONE WEEK PRIOR TO THE TRIAL.**

**DEPOSITIONS MUST BE PURGED WITHIN ONE WEEK PRIOR TO TRIAL; OBJECTIONS TO DEPOSITIONS WAIVED UNLESS RAISED BY MOTION**

PRIOR TO TRIAL.)

**(e)    Additional Requirements.**  A Judge, in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part.

**(f)    Juror Costs Attributable to Parties.**  Each party shall also acknowledge that the Court may assess juror expenses under LR 38.3.

s/GEORGE CARAM STEEH
U.S. District Judge

Dated:

1. Counsel for plaintiff has primary responsibility for preparation of the final pretrial order and, in that respect, for its submission to opposing counsel in ample time for revision and timely filing.  Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order and must therefore be extended.

2. This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

3. COMMENT:  Under LR 16.2(b)(9), any objections based on foundation or authenticity will be deemed waived if not raised before trial.

12/05

HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
231 WEST LAFAYETTE #238
DETROIT MI 48226
PHONE 313-234-5175  FAX 313-234-5364

CLERK:  MARCIA BEAUCHEMIN

| | |
|---|---|
| STANDING ORDERS | Scheduling conferences held after answer filed, depending on nature of case and scheduling order issued.<br>Motion practice governed by provisions in the scheduling order. |
| CONFERENCES | Status conference held as needed or requested.<br>Settlement conference held upon request and as scheduled by the court prior to trial. |
| REMOVAL | Court will issue an order to show cause if removal appears inappropriate based upon the pleadings.  Generally no oral argument on motion to remand. |
| MOTIONS | Hearings held when requested by parties and/or as court determines appropriate.<br>Proposed orders are to be attached to motion.<br>Strict compliance required with LR7.1 and 65.1. |
| DISCOVERY | Additional conferences scheduled upon request.<br>Witness lists must be exchanged 30 days prior to discovery cut-off. |
| TRO/INJUNCTION | Court rarely grants *ex parte* requests.<br>Follow requirements in LR 7.1 and 65.1. |
| DISCOVERY | Additional conferences scheduled upon request.<br>Witness lists must be exchanged 30 days prior to discovery cut-off.<br>Discovery motions frequently referred to magistrate judge. |
| MEDIATION | Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.  It is not necessary, however, that sanctions be included in the stipulation. |
| PRETRIAL | Final pretrial order due one week before final pretrial conference.<br>Witnesses may only be added to final pretrial order by stipulation of parties and leave of court.  All witnesses must be listed in final pretrial order.<br>Final pretrial conference held usually one week prior to trial, parties and/or persons with settlement authority must be present.  Proposed jury instructions due at conference. |
| TRIAL | Trailing docket.  Attorney's responsibility to ascertain status of trial date.<br>Marked exhibits are to be exchanged three (3) days prior to trial.<br>Benchbook of exhibits encouraged.<br>If trial briefs are requested by the court, they must be filed and exchanged one (1) week prior to trial.<br>Usually held 9:00 a.m. to 5:00 p.m. daily.  All persons must be PROMPT.<br>File motions *in limine* no later than one week prior to trial. |
| NON-JURY | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| JURY | *Voir Dire* by Court and counsel.  Submit proposed *voir dire* in writing, in advance.<br>Proposed jury instructions and verdict form due at final pretrial conference. |
| CRIMINAL | Court will consider Alford and *nolo contendere* pleas.<br>Presentence Reports required.  Rule 11 please routinely taken under advisement pending court review of presentence report. |

Note: *Because of the substantial costs incurred in convening jurors, all counsel are advised that juror costs will be assessed in civil cases which settle on day of jury selection/trial.*

Scheduling Order / Page 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Plaintiff(s),

vs.                                                        Case No.

                                                           HON. GEORGE CARAM STEEH
                                                           United States District Judge

Defendant(s).

_____/

### STIPULATED REQUEST FOR CASE EVALUATION

The undersigned hereby request that this case be referred for case evaluation to

the Wayne County Mediation Tribunal.  The parties agree to be bound by the provisions of the alternative

dispute resolution rule contained in Michigan Court Rule 2.403 including sanctions relating to costs and

attorney fees as provided by such rule.

Dated:                                          s/ NAME OF FILING USER _____
                                                Attorney for _____
                                                Firm Name (If applicable)
                                                Street Address
                                                City, State, Zip Code
                                                Telephone Number
                                                Primary Email Address
                                                Attorney Bar No.

                                                s/ WITH CONSENT OF NAME OF FILING USER
                                                Attorney for _____
                                                Firm Name (If applicable)
                                                Street Address
                                                City, State, Zip Code
                                                Telephone Number
                                                Primary Email Address
                                                Attorney Bar No.

                                                s/ WITH CONSENT OF NAME OF FILING USER
                                                Attorney for _____
                                                Firm Name (If applicable)
                                                Street Address
                                                City, State, Zip Code
                                                Telephone Number
                                                Primary Email Address
                                                Attorney Bar No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Plaintiff(s),

Case No.

vs.

HON. GEORGE CARAM STEEH
United States District Judge

Defendant(s).
_____/

ORDER FOR FACILITATION

The parties having agreed with the approval of the Court that this case be submitted to facilitation, IT IS ORDERED THAT:

1.    _____ is appointed Facilitator in this matter.

2.    The Facilitator shall be paid at the rate of $_____ per hour, with the parties dividing the costs equally.

3.    The Facilitation shall take place on _____ at
      _____.

4.    The following persons shall be present:
      A.    Attorneys in principal charge of the case;
      B.    Plaintiff(s);
      C.    Defendant(s);
      D.    Representatives of the parties with complete settlement authority.

5.    Oral or written statements made for or during facilitation by anyone are inadmissible in any evidentiary proceeding.  The facilitator may not be called to testify about the facilitation.


_____
Attorney for Plaintiff(s)

_____
Attorney for Defendant(s)


Dated:

_____
GEORGE CARAM STEEH
United States District Judge


Scheduling Order / Page 10

✎AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

### Eastern District of Michigan

|  |  |
|---|---|
| Plaintiff(s), | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED MAGISTRATE JUDGE |
| vs. | |
| Defendant(s). | Case No. HON. GEORGE CARAM STEEH |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

    IT IS ORDERED that this case be  _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28
U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____   _____

       Date                              United States District Judge

NOTE:      RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE
CONSENTED
         <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

     Plaintiff,

vs.                                                                    Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation    HON: George Steeh
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

     Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085) | JUDITH A. MOSKUS (P32072) |
| Serafini, Michalowski, Derkacz & | RENEE BIRNBAUM (P50092) |
| Associates, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 38600 Van Dyke Avenue, Suite 250 | 101 North Main Street, Suite 460 |
| Sterling Heights, MI 48312 | Ann Arbor, MI 48104-5507 |
| (586) 264-3756/264-3783 (FAX) | (734) 930-5600 |
| | E-mail: jmoskus@garanlucow.com |
| | E-mail: rbirnbaum@garanlucow.com |

**DEFENDANT HYATT CORPORATION/D/B/A/ MANCHESTER GRAND HYATT SAN DIEGO'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN

DIEGO (incorrectly designated in the First Amended Complain as "Hyatt Corporation d/b/a

Manchester Grand Hyatt,") by and through their attorneys GARAN LUCOW MILLER, P.C.,

and pursuant to the Court's July 25, 2007 Order, states as follows for its Amended Answer

to the Plaintiff's First Amended Complaint:

    1.    It is without knowledge or information sufficient to form a belief as to the truth

of the averments contained in paragraph 1 of the Plaintiff's First Amended Complaint, and,

therefore, denies them. It expressly denies that this Court has limited or general

personal/*in personam* jurisdiction over it and denies that venue is proper.

2.      It admits that the Hyatt Corporation is incorporated, organized, and existing under the laws of the State of Delaware and that the Hyatt Corporation's principal place of business is in Chicago, Illinois. Except as herein admitted, it denies the remaining averments contained in paragraph 2 of the Plaintiff's First Amended Complaint. It expressly denies that this Court has limited or general personal/*in personam* jurisdiction over it and denies that venue is proper.

3.      It admits that the Manchester Grand Hyatt San Diego is a d/b/a of The Hyatt Corporation and that the Hyatt Corporation manages the Manchester Grand Hyatt San Diego. It admits that the Manchester Grand Hyatt San Diego does business in the city of San Diego, state of California. Except as herein admitted, it denies the remaining averments contained in paragraph 3 of the Plaintiff's First Amended Complaint. It expressly denies that this Court has limited or general personal /*in personam* jurisdiction over it and that venue is proper.

4.      For its answer to paragraph 4 of the Plaintiff's First Amended Complaint, It admits that an April Nakamura was a masseuse on May 9, 2006 and a resident of the state of California. It denies that April Nakamura was its' employee and further denies the remaining averments contained in paragraph 4 of the Plaintiff's First Amended Complaint.

5.      It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

6.      It admits that a Glenna Bryan had a guest account at the Hyatt Corporation d/b/a Manchester Grand Hyatt San Diego on May 9, 2006. It is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained

2

in paragraph 6 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

7.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

8.    It denies the averments contained in paragraph 8 of the Plaintiff's First Amended Complaint.

9.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

10.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

11.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

12.    It denies the averments contained in paragraph 12 of the Plaintiff's First Amended Complaint.

### Count I

13.    For its answer to paragraph 13 of the Plaintiff's First Amended Complaint, it adopts, re-avers and incorporates each and every response as previously given to paragraphs 1-12 as if fully rewritten herein.

14.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Plaintiff's First Amended Complaint,

3

and, therefore, denies them.

15.    It denies the averments contained in paragraphs 15 and 15 a) through 15 g) of the Plaintiff's First Amended Complaint.

16.    It denies the averments contained in paragraphs 16 and 16 a) through 16 g) of the Plaintiff's First Amended Complaint.

17.    It denies the averments contained in paragraph 17 of the Plaintiff's First Amended Complaint and further asserts that this standard is inapplicable.

18.    It is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the Plaintiff's First Amended Complaint, and, therefore, denies them.

### Count II

19.    For its answer to paragraph 19 of the Plaintiff's First Amended Complaint, it adopts, re-avers and incorporates each and every response as previously given to paragraphs 1-18 as if fully rewritten herein.

20.    It denies the averments contained in paragraph 20 of the Plaintiff's First Amended Complaint.

21.    It denies the averments contained in paragraph 21 of the Plaintiff's First Amended Complaint.

22.    It denies the averments contained in paragraph 22 of the Plaintiff's First Amended Complaint.

22.(sic)    It denies the averments contained in paragraphs 22 and 22 (a) through 22(d) of the Plaintiff's First Amended Complaint.

WHEREFORE, the Defendant, HYATT CORPORATION d/b/a MANCHESTER

4

GRAND HYATT SAN DIEGO requests this Court to dismiss the Plaintiff's First Amended Complaint against it with prejudice and that it be awarded any and all relief to which it may be entitled, including all costs and attorney fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      This Court lacks general and limited personal jurisdiction over this defendant pursuant to MCL 600. 701; MSA § 27A.701, MCL 600.705; MSA § 27A.705, MCL 600.711; MSA § 27A.711, MCL 600.715; MSA § 27A. 715, MCL 600.721; MSA § 27A.721, MCL 600.725; MSA § 27A.725, MCL 600.731; MSA § 27A.731, MCL 600.735; MSA § 27A.735, and MCL 600.745; MSA § 27A.745, and the Due Process Clause of the Fourteenth Amendment, U.S.C.A. Const. Amend. 14.

### SECOND AFFIRMATIVE DEFENSE

2.      This action has been filed against this defendant in the wrong county , district and division and, therefore, venue is improper pursuant to 28 U.S.C. Sections 1391, 1404, and 1406.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4.      This defendant is not subject to service of process in this court and district and therefore, there is insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

5

5.    Plaintiff was contributorily negligent, which negligence was the proximate

cause of her alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff has failed to mitigate her own damages.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff has failed to join all necessary and indispensable parties pursuant

to Fed. R. Civ. P. 19 and this defendant is an improper party defendant.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims are barred due to accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred due to waiver.

## ELEVENTH  AFFIRMATIVE DEFENSE

11.    Plaintiff's claims are barred due to release.

## TWELFTH  AFFIRMATIVE DEFENSE

12.    Plaintiff's action is barred due to assumption of the risk.

## THIRTEENTH  AFFIRMATIVE DEFENSE

13.    Plaintiff's claims are barred due to prior settlement.

## FOURTEENTH  AFFIRMATIVE DEFENSE

14.    This defendant reserves the right to add any additional affirmative defenses

of which it may become aware during the pendency of this litigation.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.


_s/ Renee Birnbaum (P50092)_____
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

### RELIANCE ON JURY DEMAND

Defendant, HYATT CORPORATION d/b/a MANCHESTER GRAND HYATT SAN

DIEGO, by and through its attorneys GARAN LUCOW MILLER, P.C., hereby gives notice

that it will rely upon the Plaintiff's filed original and subsequent jury demand on each and

every issue in the above-captioned cause.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.


_s/ Renee Birnbaum (P50092)_____
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600
E-mail: jmoskus@garanlucow.com
E-mail: rbirnbaum@garanlucow.com

### CERTIFICATE OF SERVICE

The undersigned, being first duly sworn, says that on this date she served a copy
of the **DEFENDANT  HYATT CORPORATION D/B/A MANCHESTER GRAND HYATT**

7

**SAN DIEGO'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, RELIANCE ON JURY DEMAND and PROOF OF
SERVICE** upon the following individual:

PHILLIP S. SERAFINI
38600 Van Dyke Avenue, Suite 250
Sterling Heights, MI 48312

by enclosing said documents in an envelope to the above said address(es) and depositing
same in the United States mail, postage duly prepaid.

                                   s/Renee Birnbaum
                                   JUDITH A. MOSKUS (P32072)
                                   RENEE BIRNBAUM (P50092)
                                   101 North Main Street, Suite 460
                                   Ann Arbor, MI 48104-5507
                                   (734) 930-5600
                                   E-mail: jmoskus@garanlucow.com
                                   E-mail: rbirnbaum@garanlucow.com

104056.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

      Plaintiff,

vs.                                                                 Case No. 2:07-cv-11955

HYATT CORPORATION, a Delaware Corporation                           HON. GEORGE STEEH
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

      Defendants.

| | |
|---|---|
| Phillip S. Serafini (P45085)<br>Serafini, Michalowski, Derkacz &<br>Associates, P.C.<br>Attorneys for Plaintiff<br>38600 Van Dyke Avenue, Suite 250<br>Sterling Heights, MI 48312<br>(586) 264-3756/264-3783 (FAX) | JUDITH A. MOSKUS (P32072)<br>RENEE BIRNBAUM (P50092)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendant, Hyatt<br>Corporation d/b/a Manchester Grand<br>Hyatt San Diego<br>101 North Main Street, Suite 460<br>Ann Arbor, MI 48104-5507<br>(734) 930-5600<br>E-mail: jmoskus@garanlucow.com<br>E-mail: rbirnbaum@garanlucow.com |

## STIPULATION AND ORDER FOR ENLARGEMENT OF TIME TO EXCHANGE AND FILE WITNESS LISTS

      **IT IS HEREBY STIPULATED** by and between the parties, through their respective

counsel and pursuant to Fed.Civ.R. 6(b) and E.D. Mich.LR 7.1, E.D. Mich. LR 16.2 and with

the Court's permission,   that they shall have an enlargement of time within which to

exchange and file witness lists to and including Wednesday,  November 21, 2007 to allow

for the orderly substitution of counsel on behalf of the Defendant,  HYATT CORPORATION

d/b/a MANCHESTER GRAND HYATT SAN DIEGO (HYATT) and the entry of appearance

of counsel on behalf of the Defendant, JANE DOE (Hyatt Spa Masseuse), as identified in

the caption and the allegations of the Plaintiff's First Amended Complaint.

The Hyatt expressly denies  that this Court has limited or general personal/*in personam* jurisdiction over it and denies that venue is proper and does not waive these defenses.

Dated: __October 31, 2007__     /s/ Phillip S. Serafini (P45085) (w/ consent)
                                 PHILLIP S. SERAFINI (P45085)
                                 Attorney for Plaintiff


Dated: __October 31, 2007__     /s/ Renee Birnbaum (P50092)
                                 RENEE BIRNBAUM (P50092)
                                 Attorney for Defendant, Hyatt Corporation d/b/a
                                 Manchester Grand Hyatt San Diego

## ORDER FOR ENLARGEMENT OF TIME
## TO EXCHANGE AND FILE WITNESS LISTS

In accordance with the stipulation of the parties;

IT IS HEREBY ORDERED that the parties may exchange and file witness lists on or before November 21, 2007.


Dated: November 1, 2007          s/George Caram Steeh
                                 HON. GEORGE CARAM STEEH
                                 United States District Judge