UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

                             Case No.:  2:07-cv-11955

       Plaintiff,            Hon. George Steeh

v.

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

       Defendants.

_____/

| | |
|---|---|
| PHILLIP S. SERAFINI (P45085) | RICHARD J. JOSLIN, JR. P475510 |
| Serafini Michalowski, Derkacz & | THERESA M .ASOKLIS P42709 |
| Associates, P.C. | Collins, Einhorn, Farrell & Ulanoff, P.C. |
| Attorney for Plaintiff | Attorneys for Defendant Hyatt Corporation |
| 38600 Van Dyke Avenue, Ste. 250 | 4000 Town Center #909 |
| Sterling Heights, MI 48312 | Southfield, MI 48075 |
| (586) 264-3756 | 248-355-4141 |

_____/

## SUBSTITUTION OF ATTORNEYS

TO:    Clerk of the Court

      PLEASE TAKE NOTICE that the law firm of COLLINS, EINHORN, FARRELL &

ULANOFF, P.C., has this day been substituted in the above-captioned cause in the place and

stead of the law firm of GARAN LUCOW MILLER, P.C., attorneys JUDITH A. MOSKUS

(P32072) and RENEE BIRNBAUM (P50092), as attorney for Defendants Hyatt Corporation

d/b/a Manchester Grand Hyatt San Diego in the above cause.

                  COLLINS, EINHORN, FARRELL & ULANOFF, P.C.

            BY:    /s/ Richard A. Joslin, Jr. (P47510)
                  RICHARD A. JOSLIN, JR. (P47510)
                  THERESA M. ASOKLIS (P42709)
                  Attorneys for Defendants
                  4000 Town Center #909
                  Southfield, MI 48075
                  248-355-4141
                  Richard.Joslin@ccflawyers.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

                             Case No.:  2:07-cv-11955

        Plaintiff,                Hon. George Steeh

v.

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

        Defendants.

_____/

| | |
|---|---|
| PHILLIP S. SERAFINI (P45085) | RICHARD J. JOSLIN, JR. P475510 |
| Serafini Michalowski, Derkacz & | THERESA M .ASOKLIS P42709 |
| Associates, P.C. | Collins, Einhorn, Farrell & Ulanoff, P.C. |
| Attorney for Plaintiff | Attorneys for Defendant Hyatt Corporation |
| 38600 Van Dyke Avenue, Ste. 250 | 4000 Town Center #909 |
| Sterling Heights, MI 48312 | Southfield, MI  48075 |
| (586) 264-3756 | 248-355-4141 |

_____/

## CONSENT

TO:    Clerk of the Court

    I hereby consent that COLLINS, EINHORN, FARRELL & ULANOFF, P.C., be

substituted in my place and stead as attorneys for Defendants, Hyatt Corporation, d/b/a

Manchester Grand Hyatt San Diego, in the above cause.

                                   GARAN LUCOW MILLER, P.C.

By:    /s/ Renee Birnbaum (P50092)
        JUDITH A. MOSKUS (P32072)
        RENEE BIRNBAUM (P50092)
        101 North Main Street, Ste. 460
        Ann Arbor, Michigan 48104-5507
        (734) 930-5600
        RBirnbaum@garanlucow.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

          Case No.:  2:07-CV-11955
   Plaintiff,     Hon. George Steeh

v.

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT, and JANE
DOE (Hyatt Spa Masseuse), jointly and severally,

   Defendants.
_____/

| PHILLIP S. SERAFINI (P45085) | RICHARD J. JOSLIN, JR. P475510 |
|---|---|
| Serafini Michalowski, Derkacz & | THERESA M .ASOKLIS P42709 |
| Associates, P.C. | Collins, Einhorn, Farrell & Ulanoff, P.C. |
| Attorney for Plaintiff | Attorneys for Defendant Hyatt Corporation |
| 38600 Van Dyke Avenue, Ste. 250 | 4000 Town Center #909 |
| Sterling Heights, MI 48312 | Southfield, MI  48075 |
| (586) 264-3756 | 248-355-4141 |

_____/

## ORDER PERMITTING SUBSTITUTION

In accordance with the foregoing written substitution of attorneys;

IT IS HEREBY ORDERED that COLLINS, EINHORN, FARRELL & ULANOFF,

P.C., may be and hereby is substituted as counsel representing Defendant Hyatt Corporation,

d/b/a Manchester Grand Hyatt San Diego in the above cause.

Dated: 11/16/07        S/George Caram Steeh
             United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

       Plaintiff,

V

HYATT CORPORATION, a Delaware
Corporation d/b/a MANCHESTER GRAND
HYATT, and JANE DOE (Hyatt Spa Masseuse),
Jointly and Severally,

       Defendants

Case No.  2:07-CV-11955
Hon. George Steeh

_____/

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue #250
Sterling Heights, MI  48312
586-264-3756
586-264-3783 Fax
psslaw@msn.com

RICHARD A. JOSLIN (P47510)
Attorney for Defendant
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

_____/

### DEFENDANT HYATT CORPORATION'S
### MOTION TO DISMISS UNDER 28 USC 1406(a), OR IN
### THE ALTERNATIVE, TO TRANSFER VENUE UNDER §1406(a) or §1404 (a)

NOW COMES Defendant Hyatt Corporation and moves this Honorable Court for an Order

dismissing Plaintiff's Complaint or transferring this action to the Southern District of California.  In

support of this motion, Defendant relies on the attached Brief in Support.

       COLLINS, EINHORN, FARRELL & ULANOFF, P.C.

BY_____/s/Richard A. Joslin, Jr._____
       RICHARD A. JOSLIN (P47510)
       Attorney for Defendant
       4000 Town Center, Suite 909
       Southfield, MI 48075
       (248) 355-4141
       Richard.joslin@ceflawyers.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLENNA BRYAN,

      Plaintiff,

vs

HYATT CORPORATION, a Delaware
Corporation d/b/a MANCHESTER GRAND
HYATT, and JANE DOE (Hyatt Spa Masseuse),
Jointly and Severally,

      Defendants.

_____/

Case No.  2:07-CV-11955
Hon. George Steeh

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue #250
Sterling Heights, MI  48312
586-264-3756
586-264-3783 Fax
psslaw@msn.com
_____/

RICHARD A. JOSLIN (P47510)
Attorney for Defendants
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

**BRIEF IN SUPPORT OF DEFENDANT HYATT CORPORATION'S
MOTION TO DIMISS UNDER 28 USC 1406(a), OR IN THE ALTERNATIVE, TO
TRANSFER VENUE UNDER § 1406(a) OR § 1404(a)**

## STATEMENT OF ISSUE PRESENTED

This motion presents this Court with the following issue:

Plaintiff, a Michigan resident, filed this action against Defendant Hyatt Corporation, a Delaware corporation and Defendant Jane Doe, an unidentified masseuse residing in California for injuries allegedly sustained by the Plaintiff while receiving a massage at a Hyatt Hotel in San Diego, California. Venue in diversity actions is determined 28 USC §1391. Under §1391, venue is not proper in the United States Court for the Eastern District of Michigan because both Hyatt and Jane Doe are residents of the same district and the events that gave rise to this action occurred in California.

28 USC 1406(a) provides that a court *shall* dismiss a case if filed in the wrong venue or, if in the interest of justice, transfer it to any district of division in which it might have been brought. Furthermore, in the alternative, 28 U.S.C. §1404(a) provides that a district court may transfer venue to any other district where the action might have been brought for the convenience of parties and witnesses. As such, this Honorable Court is moved to either dismiss this action or transfer it to the Southern District of California.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Cases

*Audi AG v D'Amato*, 341 F. Supp. 2d 734 (2004)..............................................................................6

*First of Michigan Corp. v. Bramlet*, 141 F.3d 260 (6th Cir. 1998)....................................................5

*Grand Kensington, L.L.C. v. Burger King Corp.*, 81 F. Supp. 2d 834 (E.D. Mich. 2000) ................6

*Helder v. Hitachi Power Tools, USA LTD.*, 764 F. Supp. 93 (E.D.Mich. 1991)...............................7

*McNic Oil & Gas Co. v. IBEX Resources Co., L.L.C.*, 23 F. Supp. 2d 729, 739 (E.D. Mich. 1998)................6

*Niemi v. NHK Spring Co.*, 2006 U.S. Dist. Lexis 24506 (E. D. Mich. 2006).....................................5

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809 (E. D. Mich. 2000) .....................................................7

*Rowe v. Chrysler Corp.*, 520 F. Supp. 15 (E.D. Mich. 1981 ...........................................................7

*Skee-Ball, Inc. v. Lazer-Tron, Inc.*, 1996 U.S. Dist. Lexis 17588 (W. D. Mich. 1996)....................5

*Stewart Organization, Inc. v. Ricoh Corp.*, 108 S. Ct. 2239; 101 L. Ed. 2d 22 (1988) .....................6

*Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934 (E.D. Mich. 2001).................................7

### Statutes

28 U.S.C. § 1391(a)..................................................................................................................1, 3, 4, 5,

28 USC 1404(a)...........................................................................................................................6,7

28 USC 1406(a)..........................................................................................................................1, 5

### BRIEF IN SUPPORT OF DEFENDANT HYATT CORPORATION'S MOTION TO DIMISS FOR LACK OF VENUE PURSUANT TO 28 USC 1406(a), OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT § 1406(a) OR § 1404(a)

## INTRODUCTION

This case arises out of events that allegedly took place while Plaintiff was a guest at the Manchester Grand Hyatt hotel in San Diego, California. Because venue is not proper in the Eastern District of Michigan and the action should have been brought in the Southern District of California, dismissal or transfer of this action is appropriate under 28 USC §1404(a) and/or 28 USC §1406(a).

## STATEMENT OF PERTINENT FACTS

Plaintiff Glenna Bryan, a resident of Michigan, was a guest at the Defendant Manchester Grand Hyatt hotel in San Diego in May of 2006. The Hyatt is a Delaware corporation with its principal place of business in Illinois. (Complaint, ¶¶ 1 & 2). On May 9, 2006 Plaintiff signed up for a deep tissue massage at the hotel. (Complaint, ¶ 6). The masseuse, whom Plaintiff refers to as Jane Doe, allegedly injured Plaintiff "by exerting excessive and unnecessary force in the course of performing the massage…." (*Id.*, ¶ 11). Plaintiff alleges that the Jane Doe defendant is a resident of California. (*Id. at* ¶ 4). Plaintiff filed her complaint in this Court on May 15, 2007 alleging two unnumbered counts that seem to be asserting negligence against Defendant Jane Doe and vicarious liability against Defendant Hyatt Corporation. Plaintiff bases the jurisdiction of this court on the federal court's diversity jurisdiction pursuant to 28 USC §1332. (*Id. at* ¶ 5).

2

**ARGUMENT**

**A.**    *Venue in diversity actions is determined by 28 USC §1391(a).  Venue in the Eastern District of Michigan is not proper because both the Hyatt defendant and the Jane Doe defendant reside in the same California district for purposes of determining venue and also because the events which gave rise to this claim occurred in California. Therefore, dismissal or transfer is appropriate under § 1406(a).*

This case is in federal court based on diversity jurisdiction.  28 U.S.C. § 1391(a)

instructs as to the proper venue in diversity cases:

> A civil action wherein jurisdiction is founded <u>only on diversity</u> of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, <u>if there is no district in which the action may otherwise be brought</u>. (emphasis added).

The Eastern District of Michigan <u>is not</u> a proper venue under this statute.  Plaintiff has

alleged that Defendant Jane Doe is a resident of California.  (Complaint, ¶ 4).  Hyatt

Corporation would be a "resident" of California for purposes of venue because §1391(c)

declares that for "purposes of venue under this chapter, a defendant that is a corporation shall

be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the

time the action is commenced."  Thus, venue **is proper** in the Southern District of California

pursuant to §1391(a)(1) because, taking the plaintiffs allegations in her complaint as true, both

defendants reside there.

Even if we put aside the residence of the Jane Doe defendant, venue is still improper in

the Eastern District of Michigan.  Assuming *arguendo* that not all of the defendants reside in

the same district, then the next level of inquiry in determining venue is the location where " a

3

substantial part of the events or omissions giving rise to the claim occurred . . ." Here, it is undisputed that the events which gave rise to Ms. Bryant's claim occurred at the Manchester Grand Hyatt located in San Diego, California. *See, Plaintiff's Complaint,* ¶¶ 3, 4, 6, 7, 89, 10 and 11.

Subsection (3) of §1391 is not implicated in this discussion because under its clear and unambiguous language, it is a residual venue provision which is only invoked in the rare cases in which subsections (1) and (2) do not apply.

Venue is not proper in the Eastern District of Michigan. As such, this Honorable Court must now decide whether to transfer or dismiss the action.

**B.     *28 USC 1406(a) and 1404(a)***

28 USC 1406(a) provides that a court *shall* dismiss a case if filed in the wrong venue *or* transfer it to a proper district if required under the interests of justice:

> the district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought.

Section 1406(a) "allows a district court to grant a change of venue when venue was improper in the original forum. *Niemi v. NHK Spring Co.*, 2006 U.S. Dist. Lexis 24506 (E. D. Mich. 2006). It "provides a basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought." *Skee-Ball, Inc. v. Lazer-Tron, Inc.*, 1996 U.S. Dist. Lexis 17588 (W. D. Mich. 1996). The decision of whether to dismiss or transfer an action pursuant to 28 U.S.C. § 1406(a) is within the district court's sound discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

4

Given that none of the lawyers involved in this case are, upon information and belief, admitted to the bar in California or the federal courts there and because the plaintiff's claim would not otherwise be barred, this court is urged to exercise its discretion and dismiss the case so as to allow all parties a "fresh start" in California.

### C. In the alternative, even if this Court were to find venue to be technically proper in the Eastern District of Michigan, this Court is urged to use its discretion and transfer venue to the Southern District of California for the convenience of the parties.

28 U.S.C. §1404(a) provides that a district court *may* transfer venue to another district court for the convenience of parties and witnesses:

> For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought. [emphasis supplied].

Section 1404(a) is intended to give discretion to federal trial courts to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 108 S. Ct. 2239; 101 L. Ed. 2d 22 (1988). The district courts have wide discretion "in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Grand Kensington, L.L.C. v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000).

A transfer may be granted "[f]or the convenience of parties and witnesses [and] in the interest of justice." *Id.* In ruling on a transfer of venue motion under § 1404(a), the Court must determine whether (1) the action could have been brought in the proposed transferee-court, (2) a transfer would promote the interests of justice, and (3) a transfer would serve the parties' and the witnesses' convenience. *Audi AG v D'Amato*, 341 F. Supp. 2d 734, 749 (2004) (citation and quotation omitted)

When considering a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the first prong to be considered by the court is whether venue is appropriate in the court where the action is sought to be transferred. *McNic Oil & Gas Co. v. IBEX Resources Co., L.L.C.*, 23 F. Supp. 2d 729, 739 (E.D. Mich. 1998). If answered in the affirmative, the court will then examine several factors when evaluating the interests of justice and convenience: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E. D. Mich. 2000). In short, a court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive. *Helder v. Hitachi Power Tools, USA LTD.*, 764 F. Supp. 93, 96 (E.D.Mich. 1991). The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (quoting *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981)).

Here, assuming *arguendo* that venue is proper in Michigan, the criteria set forth in *Overland, supra,* would weigh in favor of transfer for the convenience of the parties. The masseuse whom Hyatt is alleged vicariously liable for is located in California. The hotel and its records are located in California. Other potential witnesses such as hotel personnel who had dealings with the Plaintiff after her massage are located in California. None of these witnesses, including the masseuse, would be subject to process in Michigan. Furthermore, most likely, California law will be applied to this claim.

Therefore, even if venue in this Court were proper pursuant to § 1404(a) this matter should be transferred to the Southern District of California for the convenience of the parties and in the interests of justice.

## CONCLUSION

Defendant Hyatt Corporation moves this Court to grant its motion and either dismiss Plaintiff's complaint or transfer this action to the Southern District of California.

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.


BY:    /s/Richard A. Joslin, Jr.                           .
RICHARD A. JOSLIN (P47510)
Attorney for Defendants
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

Dated: November 21, 2007

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, my secretary, Tammie DeJaeghere, electronically filed Defendant Hyatt Corporation Motion to Dismiss or to Transfer Venue and Brief in Support with the Clerk of the Court using the ECF system.

/S/ RICHARD A. JOSLIN, JR.

RICHARD A. JOSLIN, JR.  (P55258)
Attys for Defendant Hyatt Corp.
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

Dated:  November 21, 2007

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN

       Plaintiff,                    C/A 2:07-cv-11955
                                        HON: George Steeh

vs

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,

       Defendants

_____/

**SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, PC**
PHILLIP S. SERAFINI (P45085)
Attorneys for Plaintiffs,
38600 Van Dyke Avenue., Suite 250
Sterling Heights, MI 48312
(586) 264-3756

**GARAN LUCOW MILLER, P.C.**
JUDITH A. MOSKUS (P32072)
RENEE BIRNBAUM (P50092)
Attorneys for Defendant, Hyatt Corporation
d/b/a Manchester Grand Hyatt San Diego
101 North Main Street, Suite 460
Ann Arbor, MI 48104-5507
(734) 930-5600

_____/

### PLAINTIFF'S WITNESS LIST

      NOW COMES the Plaintiff, Glenna Bryan, by and through her attorney, PHILLIP

SERAFINI, and for her list of witnesses that may be called at the time of trial states:

      1.     Glenna Bryan.

      2.     Harold Telefsen.

      3.     Archie Mojares.

      4.     Austin Bryan.

5.    Alison Spadafore.

6.    Chris Hett.

7.    Colin Bryan.

8.    Helen Fawkes.

9.    Keith Carson.

10.    Any and all agents, employees, representatives and/or record custodians of Hyatt Corporation d/b/a Manchester Grand Hyatt San Diego, including but not limited to Jennifer Turner, Ariel Moreno, Ms. Novack, Adam Nemirow, Matt Lee, and April Nakamura.

11.    Any and all agents, employees, representatives and/or record custodians of American Massage Therapy Corp., including but not limited to April Nakamura.

12.    Custodian of the Records, employees, agents, representatives and medical care providers of Chiropractic Works, PC, including, but not limited to: Dr. Duncan Mukeku & Dr. Ray Hillenbrand.

13.    Custodian of the Records, employees, agents, representatives and medical care providers associated with Dr. Ramesh Chheda, including but not limited to Dr. Chheda.

14.    Custodian of the Records, employees, agents, representatives and medical care providers of the Center for the Healing Arts, including, but not limited to: Ian Evans.

15.    Custodian of the Records, employees, agents, representatives and medical care providers of Citizens Medical Group, including, but not limited to: G. Vantassell MD, Kenneth L. Sisco, MD, PhD, and Paul T. Wertlake, MD.

16.     Custodian of the Records, employees, agents, representatives and medical care providers associated with Darla Paoletti, including but not limited to Darla Paoletti and Lee Anne.

17.     Any necessary rebuttal witnesses.

18.     Any witnesses disclosed through continuing discovery, including any other physician who treated or provided care to Glenna Bryan.

19.     Any witness listed in Defendant=s Answers to Plaintiff=s Interrogatories and Request for Production of Documents.

20.     Any and all witnesses who become known through further deposition testimony.

21.     Any and all medical doctors or physical therapists may be called upon to give expert testimony in their field of expertise.

Plaintiff reserves the right to amend her witness list as necessary.

Respectfully Submitted,

**SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, PC**


BY:_____/S/_____
PHILLIP SERAFINI (P45085)
Attorneys for Plaintiff
38600 Van Dyke Ave., Suite 250
Sterling Heights, Michigan  48312
(586) 264-3756

Dated:  November 21, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Glenna Bryan,

                Plaintiff(s),

v.                                                  Case No. 2:07–cv–11955–GCS–VMM
                                                    Hon. George Caram Steeh

Hyatt Corporation, et al.,

                Defendant(s).

_____

**NOTICE OF MOTION HEARING**

    You are hereby notified to appear before the Honorable George Caram Steeh at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan.  The following motion(s) are scheduled for hearing:

            Motion to Dismiss – #18

- RESPONSE DUE:  12/17/2007

- REPLY DUE:  01/02/2008

- MOTION HEARING:  1/23/08 at 02:00 PM

**Certificate of Service**

    I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

            By: s/ M. Beauchemin
                Case Manager

Dated:  November 28, 2007

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN

        Plaintiff,

                                        C/A 2:07-cv-11955-GCS-VMM
                                        HON: George Steeh

vs

HYATT CORPORATION, a Delaware Corporation
d/b/a MANCHESTER GRAND HYATT,
and Jane Doe (Hyatt Spa Masseuse),
jointly and severally,

        Defendants
                                                            /

| | |
|---|---|
| **SERAFINI, MICHALOWSKI,** | RICHARD A. JOSLIN (P47510) |
| **DERKACZ & ASSOCIATES, PC** | Attorney for Defendant, Hyatt |
| PHILLIP S. SERAFINI (P45085) | 4000 Town Center, Suite 909 |
| Attorneys for Plaintiffs, | Southfield, MI 48075 |
| 38600 Van Dyke Avenue., Suite 250 | (248) 355-4141 |
| Sterling Heights, MI 48312 | richard.joslin@ceflawyers.com |
| (586) 264-3756 | |
| psslaw@msn.com | |

                                                                   /

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT HYATT CORPORATION'S MOTION TO DISMISS UNDER 28 USC 1406(a), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 1406(A)OR 1404 (a)

### INTRODUCTION

      Venue is proper in this Court because the only remaining Defendant-Hyatt Corporation is

deemed to reside in any judicial district in which it is is subject to personal jurisdiction at the

time the action is commenced pursuant to 28 USC 1391( c).

### STATEMENT OF FACTS

      Glenna Bryan filed this matter on May 3, 2007 when she was injured as a guest of

Defendant at the Manchester Grand Hyatt Hotel in San Diego.  Suit was filed in this Honorable

Court on the basis of diversity as Hyatt Corporation is a Delaware corporation with its principal place of business in Illinois. Hyatt is subject to personal jurisdiction in the Michigan by virtue of its operation of the Hyatt Regency Dearborn . (Exhibit A- Documents filed by Hyatt with the Michigan Department of Labor)

After suit was filed, Defendant Hyatt was served with the summons and complaint and has appeared and defended this action. On the other hand, Plaintiff has been unable to identify or serve Jane Doe-the Hyatt Spa Masseuse. Accordingly, Jane Doe must be dismissed without prejudice as more than 120 days has elapsed since the summons was issued. Fed. Rule Civ. P. 4(m). Therefore, this Court should analyze whether venue is proper for the sole remaining Defendant-Hyatt Corporation.

### VENUE IS PROPER IN THIS COURT AS HYATT CORPORATION FOR PURPOSES OF VENUE IS DEEMED TO RESIDE IN MICHIGAN

Subject matter jurisdiction is established based on complete diversity as Plaintiff is a resident of Michigan and Hyatt is a resident of Delaware and Illinois pursuant to 28 U.S.C. § 1332(c)(1).

Accordingly, Venue is proper pursuant to 28 U.S.C. § 1391(a) in a "judicial district where any defendant resides, if all defendants reside in the same State." In this matter, there is only a single Defendant-Hyatt Corporation. Accordingly, venue will properly lie where Defendant-Hyatt Corporation resides.

28 U.S.C. § 1391( c) provides that for "purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Personal jurisdiction may be either "general" or "specific."*Bird v. Parsons,* 289 F.3d 865, 873 (6th Cir.2002). General jurisdiction

exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* (citing *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989)) The "transaction of any business" required for limited personal jurisdiction is satisfied by "the slightest act of business in Michigan." *Lanier v. American Board of Endodontics,* 843 F.2d 901 (6th Cir. 1988) (citing Sifers v. Horen, 385 Mich. 195, 199 n. 2, 188 N.W.2d 623 (1971)).

Hyatt Corporation is subject to personal jurisdiction in this state by virtue of its continuous and systematic business operations. Specifically, Hyatt Corporation has been doing business under the assumed name Hyatt Regency Dearborn for years. Attached as exhibit A oare documents filed by Hyatt Corporation with the Michigan Department of Labor and Economic Growth which conclusively establish the minimum contacts necessary to establish personal jurisdiction. Accordingly, Defendant's motion should be denied.

## VENUE IS PROPER IN THIS COURT BECAUSE A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THE CLAIM OCCURRED

First and foremost, venue is proper under 28 USC § 1391(a) (1) as outlined above as Hyatt Corporation is deemed a resident of Michigan. However, venue is proper in this Court for the additional reason that a substantial portion of the events or omissions giving rise to this claim occurred in Michigan.

Venue is proper in any judicial district in which a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The Sixth Circuit has held that in diversity of citizenship actions, the "plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose." *First of Michigan*

*Corp. v. Bramlet,* 141 F.3d 260, 263-264 (6th Cir.1998). This includes any forum with a

substantial connection to the plaintiff's claim, and does not require the forum to have the most

substantial connection.

The statute was amended in 1990 in order to broaden the venue provisions. The

commentary following the 1990 revisions to § 1391(a)(2) states:

> The fact that substantial activities took place in district B does not disqualify district A as
> proper venue as long as "substantial" activities took place in A, too. Indeed, district A
> should not be disqualified even if it is shown that the activities in district B were more
> substantial, or even the most substantial. Any other approach would restore the
> pinpointing problem that created the difficulties under the now discarded "claim arose"
> standard. If the selected district's contacts are "substantial," it should make no difference
> that another's are more so, or the most so.
> David D. Siegel, Commentary on the 1988 and 1990 Revisions of Section 1391,
>
> Subdivision (a), Clause (2), 28 U.S.C.A. § 1391 (1993).

*First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 263-264 (6th Cir.1998).

In the present case, substantial activities took place in Michigan. Specifically, Plaintiff

has received medical care and treatment from various physicians for the serious physical injuries

she sustained.

## THIS CONVENIENCE OF THE PARTIES AND FAIRNESS
## MANDATE THAT THIS CASE SHOULD NOT BE TRANSFERRED

Defendant next argues that this matter should be transferred for the convenience of the

parties. Defendant is wrong.

In *Overland v Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich 2000) the court recognized

the factors that guide a district court's discretion when deciding whether to transfer a case

include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease
> of access to sources of proof; (3) the convenience of the parties; (4) the locus of the
> operative facts; (5) the availability of process to compel the attendance of unwilling

witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

An examination of these factors demonstrates that this matter should not be transferred. First, the majority of the witnesses are located in Michigan. Plaintiff, her multiple treating physicians, her employer, her other fact witnesses (including family members) are all located in Michigan. The singular witness located in California is the as yet unidentified non-party masseuse. Accordingly, the convenience of the overwhelming majority of the witnesses favors Michigan.

The relevant documents consist primarily of Plaintiff's medical records from her numerous treating physicians, each of which is located in Michigan. Accordingly, this factor likewise favors Michigan.

Plaintiff is an individual who lives in Michigan. Defendant is a national corporation with ongoing corporate activity in Michigan. It would certainly be a tremendously more inconvenient for Plaintiff to litigate this matter in California than for Hyatt to defend this matter in Michigan. The convenience of the parties certainly favors Michigan.

The locus of the operative facts is essentially equal. While there is no question the negligent act took place in California, all of Plaintiff's treatment has occurred in Michigan. This factor favors neither Michigan nor California.

The availability or process to compel the attendance of unwilling witnesses is the same in either venue. This factor favors neither Michigan nor California.

The relative means of the parties clearly favors Plaintiff. Hyatt Corporation is a national chain of hotels with substantial income and profit. Hyatt has already located and retained counsel to defend this matter. On the other hand, Plaintiff is an individual of limited means. She

does not have the ability to find or retain out of state counsel. Accordingly, this factor likewise favors Michigan.

The forum's familiarity with the governing law probably slightly favors California. This is a simple general negligence claim. As a general matter the difference between such claims based on Michigan law or California law is superficial.

The weight accorded the Plaintiff's choice of forum. This factor favors Michigan.

Finally, the trial efficiency and the interests of justice based on the totality of the circumstances. As previously stated the vast majority of witnesses are located in Michigan. Plaintiff's retained counsel practices in the State of Michigan. Should this matter be transferred, Plaintiff counsel will be forced to take steps to get admitted to practice in the federal court in California or Plaintiff will have to retain other counsel. Accordingly, this factor likewise favors Michigan.

Wherefore, Plaintiff, through her attorneys, respectfully requests that this court deny Defendant's request to dismiss or transfer this matter.

> **SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, PC**
>
> _____/s/_____
> PHILLIP S. SERAFINI (P45085)
> Attorney for Plaintiff
> 38600 Van Dyke Avenue., Suite 250
> Sterling Heights, MI 48312
> (586) 264-3756

December 14, 2007

EXHIBIT A

Document List        New Search        Help Menu

MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
FOREIGN CORPORATION INFORMATION UPDATE

## 2006

| Identification Number | Corporation name | |
| --- | --- | --- |
| 612996 | HYATT CORPORATION | Filed By Department |

Resident agent name and mailing address of the registered office

UNITED STATES CORPORATION COMPANY
601 ABBOTT ROAD
EAST LANSING MI 48823

APR 2 6 2006

## RECEIVED

APR 2 6 2006

MICH DEPT OF LABOR & ECONOMIC GROWTH
BUREAU OF COMMERCIAL SERVICES

The address of the registered office

601 ABBOTT ROAD
EAST LANSING MI 48823

1. Mailing address of registered office in Michigan (may be a P.O. Box)    2. Resident Agent

3. The address of the registered office in Michigan (a P.O. Box may not be designated as the address of the registered office)

4. Describe the general nature and kind of business in which the corporation is engaged

Manages and leases hotels

| NAME | BUSINESS OR RESIDENCE ADDRESS |
| --- | --- |
| President | |
| Douglas G. Geoga | 71 S. Wacker Drive, Chicago, IL 60606 |
| Secretary | |
| Harold S. Handelsman | 71 S. Wacker Drive, Chicago, IL 60606 |
| Treasurer | |
| Kirk A. Rose | 71 S. Wacker Drive, Chicago, IL 60606 |
| Vice-President | |
| Michael Rietze | 71 S. Wacker Drive, Chicago, IL 60606 |
| Director | |
| Thomas J. Pritzker | 71 S. Wacker Drive, Chicago, IL 60606 |
| Director | |
| Douglas G. Geoga | 71 S. Wacker Drive, Chicago, IL 60606 |
| Director | |
| Harold S. Handelsman | 71 S. Wacker Drive, Chicago, IL 60606 |

6. Single Business Tax Apportionment Percentage (based on unaudited capitalization input in exchange for authorized shares. For businesses in whose stockholds due been transacted in 00376, do may complete the enclosed worksheet and mail any additional schedules herewith this input in lieu of filing an unaudited application.

| Total authorized shares | 500,000 | Percent taxed | 0.9577 | % for year ending | 2006 |
| --- | --- | --- | --- | --- | --- |
| Par value of total shares | 2,763 | Previous period | 2.7265 | % for year ending | 2005 |

7. Signature of authorized officer or agent    Title: Treasurer    Date: 4/15/06    Phone (Optional)

This report must be filed on or before May 15, 2006.

Filing fee is $25.00

If Agency receives after September 30, 2006, total fee is $75.
($25 filing fee, plus $50 late penalty)

Please make your check if payable to the State of Michigan.
Michigan Department of Labor & Economic Growth
Bureau of Commercial Services, Corporation Division
P.O. Box 30702
Lansing, MI 48909
(517) 241-6401

If more pages to enclose additional pages must be included. Do not staple any items to report. This report is required by Section 911, Act 284, Public Acts of 1972, as amended. Failure to file this report may result in the revocation of the corporate Certificate of Authority. Late filing may result in penalty fees.

120700 19/4775 CC/SS1

*Exh A*

Document List      New Search      Help Menu



MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
BUREAU OF COMMERCIAL SERVICES, CORPORATION DIVISION

(FOR BUREAU USE ONLY)

**FILED**

OCT 15 2007

Administrator
BUREAU OF COMMERCIAL SERVICES

EXPIRATION DATE: DECEMBER 31, 2012

**612996**
Identification Number

**CERTIFICATE OF RENEWAL OF ASSUMED NAME**
For use by Corporations
(Please read information and instructions on reverse side)

Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations) or Act 162, Public Acts of 1982 (nonprofit corporations), the corporation in item one executes the following Certificate:

1. The corporate name, resident agent, and mailing address of the registered office are:

HYATT CORPORATION

UNITED STATES CORPORATION COMPANY
601 ABBOTT ROAD
EAST LANSING MI 48823

2. The assumed name under which business is transacted is:
   HYATT REGENCY DEARBORN

3. The registration of the assumed name is extended for a period expiring on December 31 of the fifth full calendar year following the year in which this renewal is filed, unless sooner terminated.

4. The document is hereby signed as required by the Act.

Signed this    12th    day of    October    , 2007

By _____
(Signature of an Authorized Officer or Agent)

Heidi Bein, Assistant Secretary
(Type or Print Name)



Michigan.gov Home          DLEG | Sitemap | Contact | Online Services | Agencies          Search          GO

## CORPORATE ENTITY DETAILS

**Searched for:** HYATT REGENCY DEARBORN

**ID Num:** 612996                                                          Assumed Names

**Entity Name:** HYATT CORPORATION
**Type of Entity:** Foreign Profit Corporation
**Resident Agent:** UNITED STATES CORPORATION COMPANY
**Registered Office Address:** 601 ABBOT ROAD   EAST LANSING   MI   48823
**Mailing Address:**

**Formed Under Act Number(s):**

**Incorporation/Qualification Date:** 8-6-1974
**Jurisdiction of Origin:** DELAWARE

**Number of Shares:** 100,000

**Year of Most Recent Annual Report:** 07
**Year of Most Recent Annual Report With Officers & Directors:** 07
**Status:** ACTIVE   **Date:** Present

View Document Images

Return to Search Results                              New Search

Michigan.gov Home  | DLEG | Contact | State Web Sites | Site Map
Privacy Policy | Link Policy | Accessibility Policy | Security Policy
Copyright © 2001-2007 State of Michigan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

        Plaintiff,

V

HYATT CORPORATION, a Delaware
Corporation d/b/a MANCHESTER GRAND
HYATT, and JANE DOE (Hyatt Spa Masseuse),
Jointly and Severally,

        Defendants

_____/

Case No.  2:07-CV-11955
Hon. George Steeh

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue #250
Sterling Heights, MI  48312
586-264-3756
586-264-3783 Fax
psslaw@msn.com

RICHARD A. JOSLIN (P47510)
Attorney for Defendant
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

_____/

## DEFENDANT'S BRIEF IN REPLY TO
## PLAINTIFF'S RESPONSE TO MOTION TO CHANGE VENUE

*Introduction*

    This action arises out of a supposedly negligently performed massage that Plaintiff received

while she was a guest at the Manchester Grand Hyatt hotel in San Diego, California.  Plaintiff filed

this action against the Hyatt Corporation and the masseuse who performed the massage, identifying

the masseuse only as Jane Doe, a California resident.[1]  The masseuse who performed the massage is

in fact April Nakamura, who is indeed a resident of California.[2]  Plaintiff has not sought to amend

the Complaint to identify Ms. Nakamura nor serve her with process.

    Defendant has now filed a motion to either dismiss the case or, in the alternative, transfer the

matter to the Southern District of California.  Defendant has argued that venue is improper under 28

_____

[1] Complaint at ¶ 4.
[2] Affidavit of Nakamura, Exhibit A.

(246) 355-4141    SOUTHFIELD, MI 48075    STE 909,    4000 TOWN CENTER    COLLINS, EINHORN, FARRELL & ULANOFF, P.C.    LAW OFFICES

USC §1391 or, in the alternative, that venue should be transferred to the Southern District for the convenience of the parties and witnesses pursuant to 28 U.S.C. §1404(a).

Plaintiff has now responded to the motion arguing that because the Jane Doe defendant has not been served, she should be dismissed pursuant to FRCP 4(m) and that such a dismissal would "cure" the improper venue issue. Plaintiff also argues that transfer is not required under 28 U.S.C. §1404(a). Both arguments will be addressed serially.

**A. Jane Doe, the now identified April Nakamura, has not been dismissed and as such venue remains improper because venue is determined at the time the action is filed. Furthermore her dismissal will not "cure" the venue problem as she is indispensable to the action.**

Plaintiff argues that because Jane Doe has not been served, she must be dismissed pursuant to FRCP 4(m). However, FRCP 4(m) does not require this court to dismiss the Jane Doe defendant. Rather, the clear language of the rule directs the court to either dismiss the un-served defendant or to order service within a certain period of time. Now that Jane Doe has been identified, Plaintiff would be free to serve her with process assuming that Plaintiff and this Court could obtain jurisdiction over her. Thus, FRCP 4(m) does not require that the residence of Jane Doe be disregarded for purposes of determining the proper venue for this action.

Furthermore, the Plaintiff's argument begs the question as the Jane Doe defendant is still a party defendant and obviously was a defendant at the time the action was filed. The residence of the defendants at the time of the filing of the complaint is dispositive in determining venue. "[V]enue . . . is to be determined as of the time of the filing of the actions . . .." *Technogaph Printed Circuits, Ltd. V Packard Bell Electronics Corp.*, 290 F. Supp. 308, 326 (U.S.D.C. C.D. Calif. 1968) citing, *Hoffman v Blaski, 363 U.S. 335 1960*). Here, Plaintiff's own complaint alleges that Jane Doe is a resident of California. As such, as set forth in Defendants' original brief, venue is not proper pursuant to 28 USC §1391(a)(1). Defendants' motion should be granted on this basis alone.

Plaintiff also appears to argue that venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(2) by virtue of the fact that her treating physicians are in Michigan and thus

LAW OFFICES   COLLINS, EINHORN, FARRELL & ULANOFF, P.C.   4000 TOWN CENTER   STE 909.   SOUTHFIELD, MI 48075   (248) 355-4141

-2-

satisfies the requirement that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. However, such an argument has been soundly rejected by the courts.

For example, in *Smith v Fortenbery*, 903 F. Supp. 1018 (E.D. La. 1995), Smith, a resident of Louisiana, was injured in an auto accident in Mississippi. He sued for damages arising out of his injuries in Louisiana. In response to the defendant's motion for change of venue, Smith argued that venue was proper in Louisiana under §1391(a)(2) because he underwent extensive medical care and treatment in Louisiana. *Id. at 1019*.

The court rejected that argument. In doing so, the court looked to the language of the statute which clearly stated that venue was proper in the district in which a substantial part of the *"events or omissions giving rise to the claim"* occurred. *Id. at 1020*, (emphasis in original). Because it was the **accident** that gave rise to the claim, not Smith's treatment, the location of his subsequent medical care was irrelevant to the discussion of venue under §1391(a)(2). *Id. at 1020-21*.

As such, as set forth in Defendant's original brief, venue is not proper in Michigan under §1391(a)(2) and as such, Plaintiff's action should be dismissed or transferred.

> **B. Venue should be transferred to the Southern District for the convenience of the parties and witnesses pursuant to 28 U.S.C. §1404(a) as the factors such as witness convenience, choice of law and this Honorable Court's subpoena power all weigh heavily in favor of transfer.**

As both Plaintiff and Defendant have explained, in determining whether or not transfer is appropriate pursuant to §1404(a), the court must look at a number of factors, some of which should be given more weight than others. One of the most important factors and indeed, often cited as the most important factor, is the convenience of the witnesses. *Brandon Apparel Group v Quitman Mfg. Co., 42 F. Supp. 2d. 821, 834* (N.D. Ill. 1999). In assessing this factor, the court should not look to the number of witnesses, but rather the nature of their expected testimony. *Id.*

-3-

In this case, the witness most central to the case is April Nakamura. She is the masseuse who performed the massage and whose testimony about her actions will inform the testimony of all other witnesses.[3]

Also important in assessing this factor is whether or not the witness would be subject to compulsory process. *Reed v Fine Oil and Chemical Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998). Here, given Ms. Nakamura's status as a California resident and the fact that at the time of this incident she was an independent contractor, there is no question that this Honorable Court does not have jurisdiction over her and thus could not compel her attendance at deposition or trial. Furthermore, given her independent contractor status, the possibility that proofs developed during discovery would require a third party action against the company that provided Ms. Nakamura to the Hyatt would also factor in favor of transfer to California. *See, Posven v Libert Mut. Ins. Co.*, 303 F. Supp. 2d 391, 406 (S.D. N.Y. 2004).

The circumstances that give rise to this action are similar to those in *Campbell v Hilton Hotels Corp.*, 611 F. Supp. 155 (E.D. Mich. 1985). Campbell was a Michigan resident who was injured while staying at a Hilton Hotel in Florida. Hilton was a Delaware corporation with its principal place of business in California. After Campbell filed suit in Michigan, Hilton sought to transfer the action to the U.S. District Court in the Southern Division of Florida pursuant to §1404(a).

The U.S. District Court for the Eastern District of Michigan granted the motion. *Id. at 157.* In doing so, the court noted that Hilton was not incorporated in Michigan[4], the incident occurred in Florida, all of Hilton's records regarding the incident were in Florida and the defense witnesses were in Florida. As such, the court held transfer appropriate. *Id.*

---

[3] For example, it is anticipated that expert witnesses and/or subsequent treaters would testify as to whether or not the techniques used could cause the damage complained of by plaintiff.

[4] It should be noted that the opinion references that Hilton was incorporated in Florida. This is clearly a typographical error as the facts and caption clearly set forth Hilton's state of incorporation as Delaware.

-4-

(248) 355-4141   SOUTHFIELD, MI 48075   4000 TOWN CENTER, STE 909,   COLLINS, EINHORN, FARRELL & ULANOFF, P.C.   LAW OFFICES

Likewise, in *Kepler v ITT Sheraton Corp.*, 860 F. Supp. 393, (E.D. Mich. 1994), Kepler was injured in an accident while a guest at the Sheraton Plaza Hotel in Florida. He sued Sheraton, a Delaware corporation with its principal place of business outside of Michigan. Sheraton sought to transfer the action to the U.S. District Court in the Southern Division of Florida pursuant to §1404(a).

Citing, *Campbell, supra*, the trial court granted the motion. *Kepler, supra at 399*. In doing so, the court noted that the incident occurred in Florida, Florida law would be applicable, most of the fact witnesses to the incident were in Florida and the records regarding the accident were in Florida. The court rejected the argument of Kepler that he and his treating physicians were in Michigan, noting that while a plaintiff's choice of forum should be granted some deference, courts will not "'blindly prefer the plaintiff's choice of forum over a more convenient location.'" *Id., (citation omitted).*

As we have seen, the factors here and precedent clearly weigh in favor of transfer to California. In the event that this Honorable Court finds that venue is proper, then Defendant's motion pursuant to §1404(a) should be granted.

Wherefore, Defendant Hyatt Corporation moves this Court to grant its motion and either dismiss Plaintiff's complaint or transfer this action to the Southern District of California.

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.


BY:     /s/Richard A. Joslin, Jr.                    .
RICHARD A. JOSLIN (P47510)
Attorney for Defendants
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

Dated: December 28, 2007

-5-

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

     Plaintiff,          Case No. 2:07-CV-11955
                          Hon. George Steeh

V

HYATT CORPORATION, a Delaware
Corporation d/b/a MANCHESTER GRAND
HYATT, and JANE DOE (Hyatt Spa Masseuse),
Jointly and Severally,

     Defendants
_____/

PHILLIP S. SERAFINI (P45085)          RENEE BIRNBAUM (P50092)
Attorney for Plaintiff                GARAN LUCOW MILLER, P.C.
38600 Van Dyke Avenue #250            101 North Main Street, Ste. 460
Sterling Heights, MI  48312           Ann Arbor, Michigan 48104-5507
586-264-3756                          (734) 930-5600
586-264-3783 Fax
psslaw@msn.com


### AFFIDAVIT OF APRIL NAKAMURA

STATE OF CALIFORNIA  )
                   ) SS
COUNTY OF           )

APRIL NAKAMURA, being first duly sworn, deposes and says:

1.    On May 9, 2006 I provided a massage to Glenna Bryan.

2.    On May 9, 2006 I was not an employee of the Hyatt Corporation

3.    Since May 9, 2006 I have been a resident of California.

                              _____
                              APRIL NAKAMURA

Subscribed and sworn to before me
This _____ day of _____, 2007

_____
                   NOTARY PUBLIC
_____ County,
My commission expires: _____



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

          Plaintiff,

V

Case No.  2:07-CV-11955
Hon. George Steeh

HYATT CORPORATION, a Delaware
Corporation d/b/a MANCHESTER GRAND
HYATT, and JANE DOE (Hyatt Spa Masseuse),
Jointly and Severally,

          Defendants

_____/

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue #250
Sterling Heights, MI  48312
586-264-3756
586-264-3783 Fax
psslaw@msn.com

RICHARD A. JOSLIN (P47510)
Attorney for Defendant
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
richard.joslin@ceflawyers.com

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on December 28, 2007, my secretary, Michelle Best, electronically filed Defendant Hyatt Corporation Brief in Reply to Plaintiff's Response to Motion to Transfer Venue with the Clerk of the Court using the ECF system.

                   /S/ RICHARD A. JOSLIN, JR.
               RICHARD A. JOSLIN, JR.  (P55258)
               Attys for Defendant Hyatt Corp.
               4000 Town Center, Suite 909
               Southfield, MI 48075
               (248) 355-4141
               richard.joslin@ceflawyers.com

*(left margin, vertical text)* LAW OFFICES    COLLINS, EINHORN, FARRELL & ULANOFF, P.C.    4000 TOWN CENTER  STE 909,    SOUTHFIELD, MI 48075    (248) 355-4141

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GLENNA BRYAN,

     Plaintiff,

V

HYATT CORPORATION, a Delaware
Corporation d/b/a MANCHESTER GRAND
HYATT, and JANE DOE (Hyatt Spa Masseuse),
Jointly and Severally,

     Defendants

_____/

Case No. 2:07-CV-11955
Hon. George Steeh

PHILLIP S. SERAFINI (P45085)
Attorney for Plaintiff
38600 Van Dyke Avenue #250
Sterling Heights, MI 48312
586-264-3756
586-264-3783 Fax
psslaw@msn.com

RENEE BIRNBAUM (P50092)
GARAN LUCOW MILLER, P.C.
101 North Main Street, Ste. 460
Ann Arbor, Michigan 48104-5507
(734) 930-5600

## AFFIDAVIT OF APRIL NAKAMURA

STATE OF CALIFORNIA   )
                         ) SS
COUNTY OF             )

    **APRIL NAKAMURA,** being first duly sworn, deposes and says:

1.   On May 9, 2006 I provided a massage to Glenna Bryan.

2.   On May 9, 2006 I was not an employee of the Hyatt Corporation

3.   Since May 9, 2006 I have been a resident of California.

                                                
APRIL NAKAMURA

Subscribed and sworn to before me
This 3rd day of JANUARY, 2007 2008
_____
                       NOTARY PUBLIC
SAN DIEGO County,
My commission expires: OCTOBER 24, 2010



LUANNE POTTER
Commission # 1700945
Notary Public - California
San Diego County
My Comm. Expires Oct 24, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENNA BRYAN,

               Plaintiff,

                                            Case No. 07-CV-11955
vs.                                    HON. GEORGE CARAM STEEH

HYATT CORPORATION,
a Delaware corporation d/b/a
MANCHESTER GRAND HYATT, and
JANE DOE (Hyatt Spa Masseuse),

               Defendants.

_____/

### ORDER GRANTING DEFENDANT HYATT CORPORATION'S MOTION TO TRANSFER VENUE (#18)

      Defendant Hyatt Corporation moves to dismiss or transfer venue to the Southern District of California due to improper venue. A hearing on the motion was scheduled for January 23, 2008. The parties thereafter agreed that the motion be decided on the briefs. The court finds that the facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

      Plaintiff Glenna Bryan filed a First Amended Complaint on May 16, 2007 alleging she was injured on May 9, 2006 as the result of a deep tissue massage she received while staying at Hyatt's Manchester Grand Hyatt in San Diego, California. Bryan alleges the "Jane Doe" masseuse performed the massage in the course and scope of her employment with Hyatt. Count I alleges negligence against Jane Doe. Count II alleges vicarious liability against Hyatt as the actual or ostensible employer of Doe. Bryan invokes federal diversity jurisdiction alleging she is a Michigan resident, Jane Doe is a California resident, Hyatt is

incorporated under Delaware law with its principal place of business in Illinois, and her damages exceed $75,000.00. See 28 U.S.C. § 1332.

Hyatt moves to dismiss arguing that venue is improper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(1-3) because not all defendants reside in Michigan, a substantial part of the events or omissions giving rise to Bryan's claims did not arise within this district, and this action could have been brought in the Southern District of California where the alleged negligent acts and omissions occurred. Hyatt asserts that, in lieu of dismissal, the court should transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1406(a) for improper venue. In the alternative, Hyatt asks the court to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice, and for the convenience of the parties and witnesses.

Bryan responds that she has been unable to identify and serve Jane Doe, who must now be dismissed from this lawsuit under Federal Rule of Civil Procedure 4(m) because the summons has expired. Bryan continues that, with Hyatt being the only remaining defendant, venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(a)(1) where all defendants reside. Bryan maintains that Hyatt is deemed to reside in Michigan for venue purposes under 28 U.S.C. § 1391(c) because Hyatt conducts continuous and systematic business in Michigan, and is therefore subject to personal jurisdiction in Michigan. Bryan argues that venue is also proper in Michigan under § 1391(a)(2) because a substantial part of the events or activities giving rise to her claims occurred in Michigan when she received medical care and treatment in Michigan. Bryan assets that the convenience of the parties and witnesses does not weigh in favor of transferring this matter to the Southern District of California considering inter alia that a large corporation such as Hyatt would not be inconvenienced litigating in Michigan, whereas Bryan will be significantly inconvenienced as a Michigan resident if she is required to litigate in California where her

counsel is not a member of the bar.

Hyatt replies by proffering the affidavit of the previously unidentified Jane Doe, April Nakamura, who attests that she was the masseuse who performed the May 9, 2006 massage on Bryan, that she is not a Hyatt employee, and that she has been a resident of California since May 9, 2006. Hyatt contends that Nakamura in as an indispensable party-defendant whose California residency was established at the time of the filing of the First Amended Complaint, making Michigan a venue in which not all defendants reside under § 1391(a)(1). Hyatt continues venue is also improper in the Eastern District of Michigan under § 1391(a)(2) as a judicial district where a substantial part of the events or omissions giving rise to this lawsuit occurred because the medical treatment Bryan received in Michigan did not "give rise" to her claims of negligence. Hyatt maintains in the alternative that transferring venue to California under 28 U.S.C. § 1404(a) is warranted for the convenience of the parties and witnesses considering inter alia the convenience of California fact witnesses (as opposed to Michigan medical treaters), the likely application of California law, and this court's limited subpoena power in compelling the attendance of California witnesses.

### I.  Proper Venue in Diversity Actions

Whether to dismiss or transfer an action for improper venue is within a district court's discretion. First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

3

The court agrees with Hyatt that Bryan's medical treatment in Michigan does not constitute "a substantial part of the events giving rise to the claim" that Hyatt is liable for Bryan's injuries caused by a massage she received in California. See Smith v. Fortenbery, 903 F.Supp. 1018, 1020-21 (E.D. La. 1995) (interpreting plain language of § 1391(a)(2) and reasoning that medical treatment received in Louisiana did not constitute "a substantial part of the events giving rise to the claim" of negligence relative to a Mississippi auto accident). The alleged events or omissions giving rise to Bryan's negligence and vicarious liability claims involve the massage Bryan received at Hyatt's Manchester Grand Hyatt in San Diego, California on May 9, 2006. Venue is not proper under § 1391(a)(2).

It is undisputed that this lawsuit could have been brought in the Southern District of California. Venue in this district is therefore improper under § 1391(a)(3).

In determining residency for purposes of venue under § 1391(a)(1), 28 U.S.C. § 1391(c) provides in pertinent part:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Hyatt does not dispute that it was subject to personal jurisdiction in Michigan at the time this action was commenced, but instead argues that California resident Nakamura renders venue improper in the Eastern District of Michigan under § 1391(a)(1) because not all defendants reside in this district. Plaintiff's First Amended Complaint names "Jane Doe" as a defendant and alleges she is a California resident. Unlike under the Michigan rules of civil procedure, the Jane Doe masseuse is not deemed dismissed from this federal lawsuit for Bryan's failure to accomplish service.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall

4

extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P. 4(m).

Although not yet served with process, Jane Doe, now known to be April Nakamura, remains a party-defendant to this lawsuit as she has not been dismissed pursuant to Rule 4(m). Bryan alleges, and Nakamura attests, that defendant "Jane Doe" is a resident of California. It follows that the Eastern District of Michigan is not a district in which both Hyatt and Jane Doe reside for purposes of venue under § 1391(a). Accordingly, Hyatt is entitled to a transfer of venue to the Southern District of California based on improper venue. Bramlet, 141 F.3d at 262.

## II. Transfer of Venue where Venue is Proper

In the alternative, and assuming Jane Doe was dismissed from this lawsuit under Rule 4(m), making this judicial district appropriate under § 1391(a) as a district where the remaining defendant Hyatt resides, the court also enjoys discretion to transfer venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that this action could have been brought in the Southern District of California as a judicial district in which a substantial part of the events giving rise to Bryan's claims occurred. 28 U.S.C. § 1391(a)(2).

In moving to transfer venue to the Southern District of California, Hyatt bears the burden of proving by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 936 (E.D. Mich. 2001) (quoting Rowe v. Chrysler Corp., 520 F.Supp. 15, 16 (E.D. Mich. 1981)). The court should weigh such factors as: (1) the parties' convenience; (2) witnesses' convenience; (3) relative ease of access to the proofs; (4)

availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) practical difficulties associated with trying the case quickly and inexpensively; and (7) the interests of justice. Thomas, 131 F.Supp.2d at 936. To establish these factors, "conclusionary allegations of a party will not suffice." Id. at 937.

The parties' convenience favors Bryan as a resident of Michigan without the financial resources of Hyatt, a large corporation. Bryan's witnesses, with the exception of herself, all relate to Bryan's medical treatment and damages, and are not fact witnesses. Masseuse Nakamura is a resident of California. Other potential fact witnesses, such as the employees of the Manchester Grand Hyatt in San Diego, will be inconvenienced by traveling to Michigan. In Kepler v. ITT Sheraton Corporation, 860 F.Supp. 393 (E.D. Mich. 1994), Judge Gadola of this District granted the defendant-hotel chain's motion for a change of venue to the Middle District of Florida where the Michigan plaintiff was injured by a shock he received in a hot tub situated on the grounds of an Orlando, Florida hotel. Id. at 395. The Kepler plaintiff argued that venue favored the Eastern District of Michigan as the venue where he and his family resided, and where more than 50 treating medical personnel were located. Id. at 399. The court rejected the argument on finding that all of the fact witnesses, except the plaintiffs, were located in Florida where they were subject to process, and that Florida law was controlling. Id. at 399. Here, all of the fact witnesses with the exception of Bryan are located in California where they are subject to process, and California law is controlling. Witnesses' convenience, relative ease of access to the proofs of liability, availability of process to compel the attendance of unwilling fact witnesses, and the California District Court's familiarity with California law strongly favor a transfer to the Southern District of California. Id. at 399. Trying the case in California would also promote the interests of justice by avoiding expensive piecemeal litigation. The convenience and availability of Bryan's current counsel is of little weight. See Campbell v. Hilton Hotels

Corporation, 611 F.Supp. 155, 157 (E.D. Mich. 1985) (granting change of venue of personal injury action from the Eastern District of Michigan to the Southern District of Florida where the plaintiff was allegedly injured in an accident at a Ft. Lauderdale, Florida hotel).

Hyatt has also shown that fairness and practicality strongly favor a transfer of this action to the Southern District of California under 28 U.S.C. § 1404(a). Accordingly,

Defendant Hyatt Corporation's motion for a change of venue is hereby GRANTED. It is ORDERED that this matter is hereby TRANSFERRED to the United States District Court for the Southern District of California.

SO ORDERED.

Dated: January 24, 2008

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE


```
┌─────────────────────────────────────────────────────┐
│              CERTIFICATE OF SERVICE                   │
│                                                       │
│   Copies of this Order were served upon attorneys of  │
│   record on January 24, 2008, by electronic and/or    │
│                  ordinary mail.                       │
│                                                       │
│              s/Josephine Chaffee                      │
│                  Deputy Clerk                         │
└─────────────────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


Glenna Bryan,

                            Plaintiff(s),

v.                                              Case No. 2:07–cv–11955–GCS–VMM
                                                Hon. George Caram Steeh
Hyatt Corporation, et al.,

                            Defendant(s).

_____

## NOTICE OF TRANSFER TO OTHER DISTRICT

TO:  U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

   Enclosed are certified copies of the Order of Transfer and the docket sheet.  The case record is electronic and can be viewed at our Court's Intranet website via the J–Net.

   Please acknowledge receipt of this record by returning a time–stamped copy of this notice to:

            Clerk's Office
            U.S. District Court for the Eastern District of Michigan
            231 W. Lafayette Blvd., 5th Floor
            Detroit, MI
            48226
            (313) 234–5005


### Certification

   I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

                                    DAVID J. WEAVER, CLERK OF COURT


                        By: s/ D. Tyler
                            Deputy Clerk

Dated:   January 24, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Glenna Bryan,

                              Plaintiff(s),

v.                                                    Case No. 2:07-cv-11955-GCS-VMM
                                                      Hon. George Caram Steeh
Hyatt Corporation, et al.,

                              Defendant(s).

_____

### NOTICE OF TRANSFER TO OTHER DISTRICT

TO:  U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

    Enclosed are certified copies of the Order of Transfer and the docket sheet.  The case record is electronic and can be viewed at our Court's Intranet website via the J-Net.

    Please acknowledge receipt of this record by returning a time-stamped copy of this notice to:

                Clerk's Office
                U.S. District Court for the Eastern District of Michigan
                231 W. Lafayette Blvd., 5th Floor
                Detroit, MI
                48226
                (313) 234-5005

### Certification

    I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

                              DAVID J. WEAVER, CLERK OF COURT


                         By: s/ D. Tyler
                              Deputy Clerk

Dated:   January 24, 2008

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Glenna Bryan**

**DEFENDANTS**

**Hyatt Corporation and Jane Doe (Defendant's Massage Therapist)**

'08 CV 1 8 2   IEG BLM

'08 JAN 29 PM 4:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Oakland**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT State of Delaware**
(IN U.S. PLAINTIFF CASES ONLY)

BY:_____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Philip S Serafini; Serafini, Michalowski, Derkacz & Assoc, PC
38600 Van Dyke Ave, Suite 250
Sterling Heights, MI
(586)264-3756

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 1332

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    **DEMAND $** Over $75,000    Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE   1/29/08

SIGNATURE OF ATTORNEY OF RECORD