1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  GLENNA BRYAN,                    )  Case No. 08cv0182-IEG (BLM)
                                     )
12                   Plaintiff,      )  **ORDER CONTINUING MANDATORY**
    v.                               )  **SETTLEMENT CONFERENCE**
13                                   )
    HYATT CORPORATION, et al.,       )
14                                   )
                     Defendants.     )
15  _____  )

16

17      Plaintiff initiated this action in May of 2007 in the United States

18  District Court for the Eastern District of Michigan.  The case was

19  transferred to this district on January 29, 2008.  <u>See</u> Doc. No. 1.  In

20  order to determine the status of the case, this Court held a telephonic

21  case management conference on February 19, 2008.  Doc. No. 4.  At that

22  time, Plaintiff's counsel represented to the Court that he intended to

23  continue representing Plaintiff, would seek to be admitted *pro hac vice*

24  in this Court, and also was attempting to retain local co-counsel.

25  Plaintiff's counsel has failed to do either of the last two acts.

26      Following the first conference with counsel, the Court set a second

27  case management conference for April 1, 2008.  Counsel for both parties

28  failed to appear for that conference.  <u>See</u> Doc. No. 9.  The Court issued

an order setting dates in the case, including ordering counsel to submit confidential settlement briefs to the Court "No later than **June 2, 2008**" (in anticipation of the June 9, 2008 Mandatory Settlement Conference). Doc. No. 8.  Once again, Plaintiff's counsel failed to timely comply with the Court's order.

On June 5, 2008, Plaintiff's counsel submitted a request to appear telephonically at the June 9, 2008 Mandatory Settlement Conference.  In the request, he also explained that he was "searching for local council (sic)."  In response, the Court set a telephonic, attorneys-only case management conference for June 6, 2008, to discuss this request and the status of the case with counsel.  During the call, Plaintiff's counsel confirmed that he had not submitted a *pro hac vice* application during the past four months and represented that Plaintiff may hire a California attorney to represent her in this case.

In light of the status of the case, the Court finds it appropriate to **continue** the Mandatory Settlement Conference to **September 5, 2008** at **9:30 a.m.**  The conference will be conducted in the chambers of Magistrate Judge Barbara L. Major located at **940 Front Street, Suite 5140, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.  **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  <u>Counsel appearing without their clients</u>

(whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least three (3) court days prior to the conference.** Failure to appear **in person** at the Mandatory Settlement Conference will be grounds for sanctions.

b.  **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused

---

[1]  "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

08cv0182-IEG (BLM)

<u>from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

c.   **Confidential Settlement Statements Required**:  No later than **August 29, 2008**, the parties shall submit directly to Magistrate Judge Major's chambers confidential settlement statements no more than five (5) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must include the following:

(i) A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

(ii) A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

(iii)  A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

///

///

///

///

4

d.   **Requests to Continue a Mandatory Settlement Conference**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than seven (7) days prior to the scheduled conference.**

**<u>If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint motion confirming the complete settlement of the case is submitted no fewer than twenty-four (24) hours before the scheduled conference.</u>**

Additionally, Plaintiff's counsel is hereby ordered to submit his *pro hac vice* application pursuant to Civil Local Rule 83.3(c)(5) by **June 20, 2008**.  If counsel instead wishes to seek permission to withdraw as counsel or be substituted out as counsel, he must file the appropriate motion on or before **June 20, 2008**.  Any such motion must comply with all federal and local rules including, but not limited to, Civil Local Rule 83.3(g).

The parties are reminded that the dates and times set forth in this Court's April 2, 2008 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [Doc. No. 8] will not be modified except upon a showing of <u>good cause</u>, which requires, at a minimum, evidence that the moving party has been reasonably diligent in

attempting to comply with the existing schedule. <u>Noyes v. Kelly
Services</u>, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); <u>Coleman v. Quaker
Oats Company</u>, 232 F.3d 1271, 1294 (9th Cir. 2000).

    **IT IS SO ORDERED.**

DATED:  June 9, 2008

                        BARBARA L. MAJOR
                        United States Magistrate Judge

COPY TO:

HONORABLE IRMA E. GONZALEZ
U.S. DISTRICT JUDGE

ALL COUNSEL