1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Brian A. Rawers, SB# 123619
2  550 West "C" Street, Suite 800
   San Diego, California  92101
3  Telephone: (619) 233-1006
   Facsimile: (619) 233-8627
4
   Attorneys for Defendant
5  HYATT CORPORATION

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 GLENNA BRYAN,                    ) CASE NO.  08-cv-0182-IEG (BLM)
                                    )
11            Plaintiff,            ) **DEFENDANT HYATT CORPORATION'S**
                                    ) **DISCLOSURE OF EXPERT WITNESSES**
12      v.                          ) **PURSUANT TO FEDERAL RULE OF**
                                    ) **CIVIL PROCEDURE 26(a)(2)**
13 HYATT CORPORATION, a Delaware    )
   Corproation dba MANCHESTER GRAND )
14 HYATT, and JANE DOE (Hyatt Spa   )
   Massauese),                      )
15                                  )
             Defendants.            )
16 _____ )

17      Defendant, HYATT CORPORATION (hereinafter "Defendant"), by and through its

18 attorneys of record, LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby makes its

19 Disclosure of Expert Witnesses and provides the following expert witness information

20 pursuant to Federal Rule of Civil Procedure Rule 26(a)(2).

21      Defendant expressly reserves the right to name or call any additional expert it

22 retains as the need arises during the course of discovery and investigation in preparation

23 for trial in this action.  Appropriate notice of such supplemental experts will be provided in

24 accordance with Federal Rule of Civil Procedure Rule 26, and such witnesses will be

25 made available for the purpose of being deposed prior to trial in this action and within the

26 time frame set by the court for depositions of expert witnesses to testify on behalf of

27 Defendant at trial for purposes of impeachment pursuant to Federal Rule of Civil

28 Procedure Rule 26.

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

1    If the witnesses discussed or listed above are not available at the time of trial,

2  Defendant hereby advises Plaintiff that it will seek the introduction of competent former

3  testimony, including depositions of such witnesses in lieu of their testimony. If there is no

4  such former testimony, Defendant hereby reserves the right to designate substitute

5  expert witnesses.

6                              **DISCLOSURE OF EXPERT TESTIMONY**

7    1.    **(a) Raymond M. Vance, M.D.**, 3737 Moraga Avenue, Suite A106, San

8          Diego, CA 92117; Telephone number (858) 270-4420.

9          **(b) Qualifications**: Dr. Raymond M. Vance is an orthopaedic surgeon,

10         licensed to practice medicine in the state of California. Attached as Exhibit

11         "A" to this disclosure is a list of all cases in which, during the last four years,

12         Dr. Vance has testified as an expert at trial or by deposition.

13         **(c) Reasonable Summary of Testimony**: Dr. Vance will testify as to

14         causation and damages. Dr. Vance will testify that he reviewed the medical

15         records of plaintiff, Glenna Bryan and will opine that as a review of these

16         records he believes that she suffered a cervicotrapezius sprain as a result

17         of the events alleged in the complaint. He will opine that the injury

18         sustained is a soft tissue injury which would have been expected to

19         spontaneously resolve even in the absence of any care or treatment. Dr.

20         Vance will opine that he does not believe that the patient required

21         electrodiagnostic studies or any MRI as a result of the occurrence. He will

22         opine that under no circumstances would it be his view that it was medically

23         probable that the disc abnormalities identified on the MRI studies could be

24         related to the event in question. His opinion is that it is overwhelmingly

25         more likely that the abnormalities identified in the MRI studies are of a

26         degenerative nature, are likely of long-standing consequence, and cannot

27         be specifically prescribed to the episode in question.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

1  (d) **Normal Rates for Deposition and Trial Testimony**: Dr. Vance's rates

2  for deposition and trial testimony are $500.00 an hour.

3  (e) **Exhibits Used to Support Opinions:** The documents used to support

4  Dr. Vance's opinion are all the medical records that have been provided by

5  plaintiff to defendant, and which plaintiff, therefore, already has copies of.

6  (f) **Written Report:** The two written reports that Dr. Vance has made,

7  based upon his review of plaintiff's medical records, are attached as

8  Exhibits B and C.

9  2.  (a) **Terrill "Skip" Kanester**, H.H.P. 4211 Sierra Marina Avenue, Carlsbad,

10  California 92010; Telephon number (760) 720-1403.

11  (b) **Qualifications**: Mr. Kanester is a holistic health practitioner. He is on

12  the faculty of the International Professional School of Bodywork and the

13  Pacific College of Oriental Medicine. Mr. Kanester, during the last four

14  years, has not testified as an expert at trial or by deposition.

15  (c) **Statement of Opinion**: Mr. Kanester will provide testimony regarding

16  the standard of care in regard to massage therapy, and will also provide

17  opinion testimony regarding causation and damages. He will provide

18  testimony in regard to specific manual techniques used in massage where

19  bruising is used to relieve chronic pain and blood stasis in superficial tissue

20  can facilitate a client's healing process. He will opine that it is extremely

21  unlikely that a massage therapist could cause an intravertibral disc to

22  become herniated using deep tissue techniques. He will opine that even

23  when a technique causes the client to become bruised, whether intentional

24  bruising for therapeutic benefit or bruising as a result of carelessness, that

25  it would still be highly unlikely that the bruise would cause a structure as

26  deep in the body as a disc in between the spinal vertebra to become

27  herniated.

28  ///

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA, 92101-3540
TELEPHONE (619) 233-1006

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(d) **Normal Rates for Deposition and Trial Testimony**: Mr. Kanester's rates for deposition and trial testimony are $150.00 per hour.

(e) **Exhibits Used to Support Opinion:** The documents and photographs used to support Mr. Kanester's opinions are all the medical records, or photographs, that have been provided by plaintiff to defendant, an which plaintiff, therefore, already has copies of.

(f) **Written Report:** The written report that Mr. Kanester has made is attached as Exhibit D.

Defendant, HYATT CORPORATION reserves the right to supplement this list of expert witnesses and to designate any necessary rebuttal witnesses to this designated by plaintiff. Defendant, HYATT CORPORATION reserves the right to replace these expert witnesses, with timely notice to the plaintiff, in the event that any of these expert witnesses are unavailable to appear during the time set for trial in this matter.

DATED: July 30, 2008                    LEWIS BRISBOIS BISGAARD & SMITH, LLP

By _Brian A Rawers_____

Brian A. Rawers
Attorneys for Defendant
HYATT CORPORATION

4833-4784-6402.1                              -4-

Exhibit "A"

# RAYMOND VANCE, M.D.
## TESTIMONY/DEPOSITION CASE NAMES
### 7/05/04 – 07/30/08

Golden Eagle Insurance v. B&B Acoustics, Inc.
Adame v. The Equitable Life Assurances Society of the United States
Erik Avina v. Corey Dean, et al.
Bakken v. Becraft, et al.
Patrick Barnett v. Lloyd Pest Control
Peter Bennett v. Dustin Grimme
Bishop v. The Huntington Library
Bodie, et al. v. McAllister, et al.
Boone v. Nelson
Bowman v. Lizon, et al.
Boyd v. Stevens
Bugner v. Northwestern Memorial Hospital
Campos v. Case Manufacturing, Inc.
Carrillo v. Zajac
Nicolle Casimir-Lang v. Steven Kosros, M.D., et al.
Ciampoli v. McDowell
Clements vs. GMS Realty LLC
Gary Conklin & Jace Withey-Allen v. Nettie Generas
Coyne v. San Diego Transit
Nancy L. Cress, et al. v. Welk Resort Group, Inc.
Kenneth L. Crites, et al. vs. John N. Posch, M.D., et al
Crogan v. Adcox, et al.
Joseph Crudo v. Khalil Kassim
Maria Cruz v. Judy Hupf
Cunningham v. Dr. Nixon, et al.
Dominguez v. Gerken
Steven Don v. Westrend Electric, Inc.
Durkin v. City of San Diego, et al.
Sara Eisen v. Edward L. Sclamberg, M.D., et al.
Elsner v. Uveges
Eltzroth vs. Devers
Evans vs. Robertson, et al.
Mary R. Faller and Patrick Faller v. La Mancha Resort Village, et al.
Jeffrey M. Feist v. Waste Management, Inc., et al.
Felkins, Corey vs. Dr. Craig Torosian
Flores v. Wehmeyer
Flores-Lara v. Eastridge, et al.

Fonseca v. Teixaria
Arturo Galceran v. RQ Construction, Inc.
Maximiliano Garcia v. Roberto Perez, et al.
Espinoza, et al. v. Viyolpam
Gaylord v. United Airlines, Inc.
Geist v. Crane Pro Services, Inc.
Gil v. Commercial Scaffolding, Inc., et al.
Giraudi v. Simmons
Grano v. Booker
Carmelina Greco v. Lend Lease Real Estate Investments, Inc., et al.
Courtney E. Grenfell v. Justin K. Merlini, Doug Satterfield, Doug Satterfield dba Fluid Distro, et al.
Jason Grijalva v. Jose R. Rangel
Gross v. Sitapara
Guerrero v. Remax Properties
Gurrieri v. St. Luke's Medical Center and Dr. Bruce Mallin
Hansen v. Ryan
Hansen, et al. v. Kwik Tek, Inc., et al.
Christopher Happel v. Joseph Anthony Aguiar
Harrington vs. Anderson
Hayes v. Rhodes, et al.
Perrian Henry v. Charles McColl and Michelle Evans, et al.
Henry v. Exchange
Herb v. Wholesale Automotive Machine
Rosa Hernandez and Jesse M. Hernandez, Individually v. Baptist Health Services
Higby v. Rodriguez, et al.
Horn v. Dreyer Medical Clinic, et al.
Howard v. Bingham, et al.
Hwang v. Bubb Cooling, et al.
Robert Hyatt v. Kishwaukee Hospital, et al.
Igleburger v. Perkins
Ethel Ingalls; Ross Ingalls v. Richard and Lori Cox
Isbell v. Keyes
Alexander Ishraiteh v. Dapper Tire
Izabal v. Kmart
Aaron Michael John v. Kelly
Clifford Johnson v. Fishing Company of Alaska
Johnson, et al., v. Hooters of America, Inc., et al.
Glenn Johnson, Deceased
Kenneth Jones v. Thomas Huberty, M.D., et al.
Keith v. SD Trolley, Inc.
Josephine Kennedy v. Wal-Mart Stores, Inc.
Patricia Kleven and David Kleven v. BKM Total Office of California, et al.
Konold v. Paliotti
Tadeusz Kramarz v. Mt. Sinai Hospital, et al.
Kuderna v. Tustison, et al.
Kuoha v. The Decurion Corporation, et al.

LaForest v. Scotese
Lane v. Wilson, etc.
Patricia LaSalle v. Costco Wholesale Corporation
Levy vs. Allstate
Lewis v. Merrill
Lindsay vs. Schwaia
Livatt v. Olympia Fields Osteopathic, et al.
Hector Lizarraga v. Noresco, LLC, et al.
Lopez v. David Salazar Humberto, et al.
Lukich v. Signs & Pinnick
Robert Majors vs. Dave's Custom Boats
Martinez v. State of California, et al.
Weldon Maypole v. Rudolph & Sletten, Inc.
McAfee v. Cushion Cut, Inc.
Colleen McCoy v. Unigard Insurance Company
McCoy vs. Taylor
McDonald vs. 21st Century Insurance Company
McGuire v. Pine Tree Lumber Co., Inc., et al.
Roger McKenna v. Terry Bass, et al.
McKnight vs. Pedraza
Stephen McLaughlin v. Sara Libal, et al.
Michael McKernon v. American Desk Manufacturing Company
Gregory Meyers v. Kevin Deitel, M.D.
Michelet v. Arthur
Cherilyn Berquist Mills, et al. v. Henry's Marketplace, Inc., et al.
Mohrlock, et al. v. MTDB, et al.
Reynold Moliterno v. Hammer Down, Inc., et al.
Mowrer v. Back, et al.
Nakanishi, et al. v. Cazares, et al.
Nami v. Huiras
Anthony Narbona v. Richard Hernandez, et al.
Maria C. Navarro and Hieymi Bautista vs. Mina Dewitt, et al.
Neer v. Del Mar Inn
Jake W. Nester v. Mahipah M. Shah, et al.
Audrey Newman v. Ralphs Grocery Company
Nguyen vs. Pilcher
Susan Norman, Deceased
Obermeyer v. Barnes
Oli, Tess v. Contreras, Daniel
Michael Orlik v. City of Carlsbad, et al.
Martha Osuna v. George K. Reese, D.C.
Pace v. Hernandez, et al.
William S. Pemberton v. Drew M. Thurm, et al.
Shawn Perkins, et al. V. City of Vista, et al.
Plaskett v. Kloberdanz
Richard Potter & Zenith Insurance v. Elite Show Services, Inc.

Powell v. Field, et al.
Pringle v. Sheinkop
Boi Nai Quach vs. Cho, et al.
Rasana v. San Diego Transit
Debra Reposky v. Marine Terminals Corporation and Majestic Insurance Company
Rhodes vs. 21st Century
Rodriguez v. Cruz
Marcello Saenz v. Juan Sanchez, et al.
Sammartino v. Housewright, et al.
Samuelson vs. Safely, et al.
Sanchez v. Berson
Sanders vs. Schwarz, et al.
Sanderson v. Singhanet, et al.
Consuelo Saunders v. Santos
Christopher Saxton v. Bianca Diebler, et al.
Schenk v. Rogers
Samuel Sherman v. The City of Vista, et al.
Sanchez v. Berson
Shirley v. Davis
Silby-Meadors v. Taitano
Anitra Simpson v. Ford Motor Company, et al., U.S.D.C., S.D. CA
Geraldo Soto v. Eric Barrera
Stark, Altamirano vs. Gomez
Stewart vs. McCray, Heckenkamp
Stigler v. Weiss Memorial Hospital
Strand vs. Carnavos
Tarlini v. Meyer
Daniel E. Thorsen, et al, v. Moceri Food, et al.
Alejandro Farias and Daniel Torres v. Waste Management, et al.
Utzinger v. Sun Valley Custom Flooring
Valle v. Perez
Clifford S. Vandeburg v. Resurrection Health Care, et al.
Vorhis v. Lawrence, et al.
Vuagniaux v. West Hampton Cove Condominiums
Candace Wah and Wayne Wah v. Sharp Healthcare, et al.
Walker, et al. v. Finch, et al.
Walters v. The Vons Companies
Welch v. Porter-Moore
Charla Williams v. Jason McGregor
John Winchester v. Megan Corcoran, et al.
Robert Wolfe, et al. v. Steven V. Priano, M.D.
Yearsley v. Follmer
Selby, Ernestine v. SD Transit
Rubio v. Parrot
Merrylee Meek v. Andrew Martino, D.C. et al
Christopher Saxton v. Bianca Diebler, et al.

Pierson, Mary v. Tran
Judickis v. Halley
Moreno, Jose, et al (Osorio, Paulina, Reed, Gerardus) V. City of Imperial Beach
Mary A. Kraus v. Midwest Orthopedics, et al.
Morad Kittaheh vs. William Earman, D.O..
Lopez v. Van Meter
Montoro, Nathan V. Crab Addison Joe's Crab Shack
Estline, Tsvi V. Da Rosa
Chang, Johnny V. Firehammer
Jacobs, Lee v. Ridge
Palmer V. Mario Moreno Villegas, et al
Moffat v. Tai
Mickelson, Gale v. Mary Estevez
Soltani V. Adesa Corp.
Breckinridge, Wm V. Morales
Angel Renteria V. RWM Communications, et al
Knapp V. Whaley
Elliott, Naomi V. Juarez
McDonough, Robert V. Fischer
Dunlap, Christopher V. Rafael Meza Zuniga, et al
Salazar, Abel V. Timpson
Ramirez, Georgina V. Kim  - GIC866051
Simenson, Margaret, et al V. Thomas Nelson, MD, et al (MN case)
Genovese, Carmine
Haick, Jennifer v. Wigderson, MD, et al
Cafagna, Brittney V. Lopez
Mular, Geraldine V. Joseph Sheehan, Trinity Orthopedics a Corp. Rush Park Hosp., Inc.
Briskin, Galina VS. Blue
Stampul, Anthony V. HPS Mechanical, Inc., Kevin DiSabatino, et al
Ortega, Tatiana V. M. Richard Goldberg, MD., et al
Brindley, Robin V. Mercury
Crittenden,  Leslee V.  Smith, et al
DiMatteo, Rebecca V. Maynard,  Mark
Young, Patty vs. Forchette, Anthony & Helen
Lane, Grace vs 1422 Hilltop Apartments, et al
Jones, Melanie, V. Ibanez, et al
Lagace, Barbara VS. Brian C. deBeaubien, MD, Kevin Spears, Rph
Pack, Kevin V. San Diego Country Estates, et al
Meyer-Baston, Koleta V. Grable
Duganne, David V. Stark

Exhibit "B"

**RICHARD GREENFIELD, M.D.**
A MEDICAL CORPORATION
**RAYMOND M. VANCE, M.D.**
A MEDICAL CORPORATION
3737 MORAGA AVENUE, SUITE A106
SAN DIEGO, CALIFORNIA 92117
TELEPHONE (858) 270-4420
FAX (858) 270-8199

ORTHOPEDIC SURGERY

April 30, 2008


Brian Rawers
Attorney at Law
550 West C St. #800
San Diego, CA 92101

                          RE:  BRYAN, Glenna
                          DOI:  5/9/06


Dear Attorney Rawers:

I am in receipt of your communication of 4/23/08. I have
reviewed the enclosed records relative to Glenna Bryan. These
include records from Chiropractic Works in Oak Park, Michigan.
These records reflect treatment received at that facility after
the event in question in which the patient complained of
symptoms in the left of her neck, her shoulder, her back, her
leg and her foot. These records suggest the patient will be
referred to a neurologist for electrical studies. These records
also reflect pre accident treatment at this facility over the
course of several years for various musculoskeletal complaints.
The records identify the patient to have been born in 1964. The
records suggest that the patient had retained an attorney by the
time she presented to the doctor after the occurrence.

The report of neurologist Ramesh Chheda is included. He performs
electrodiagnostic studies of the upper extremities which were
within normal limits. He concluded that the patient had a post
traumatic myopathic process. He did not believe there was any
involvement of the brachial plexus or any significant brachial
neuritis. Conservative measures were suggested. An MRI of the
left shoulder was obtained, ordered by Dr. Mukeku on 12/19/06.
The study was felt to be unremarkable. An MRI of the cervical
spine and an MRI of the thoracic spine were done on 12/18/06.
Bulging of a disc at the level of C5-6 and at the levels of T7-8
and T8-9 is described. The report of chiropractor Mukeku dated
7/21/07 is included. Numerous progress notes of the chiropractor

Re: Glenna Bryan                                                                    2
    April 30, 2008

are attached. High quality laser photocopies of photographs of
the patient after the event in question are included which
appear to document ecchymosis in the region of the upper back
and trapezius area on the left side.

**COMMENT:** A review of these record would suggest that the patient
suffered a cervicotrapezius sprain as a result of the event.

The injury sustained is a soft tissue injury which would have
been expected to spontaneously resolve even in the absence of
care.

I do not believe the patient required electrodiagnostic studies
or any MRI as a result of the occurrence. To the extent that
chiropractic treatment went on for more than eight weeks or
incurred general total cost in excess of $1,500, it will be
impossible to document the necessity of such treatment.

Under no circumstances would I view it medically probable that
the disc abnormalities identified on the MRI studies could be
related to the event in question. It is overwhelmingly more
likely that these abnormalities are of degenerative nature, are
likely of longstanding, and cannot specifically be ascribed to
the episode in question.

Should further questions remain feel free to contact me at any
time.

                          Sincerely,

                          Raymond M. Vance, M.D.

RMV:bc

Exhibit "C"

**RICHARD GREENFIELD, M.D.**
A MEDICAL CORPORATION
**RAYMOND M. VANCE, M.D.**
A MEDICAL CORPORATION
3737 MORAGA AVENUE, SUITE A106
SAN DIEGO, CALIFORNIA 92117
TELEPHONE (858) 270-4420
FAX (858) 270-8199
ORTHOPEDIC SURGERY

June 27, 2008

Brian Rawers
Attorney at Law
550 West C St. #900
San Diego, CA 92101

                         RE:  BRYAN, Glenna
                         DOI: 5/9/06

Dear Attorney Rawers:

I am in receipt of your communication of 6/10/08 and have
reviewed the enclosed records. These records suggest that the
patient has received treatment at the Michigan Rehab & Pain
Management Facility in Livonia, Michigan. Physical therapy was
provided at that facility at the direction of Dr. Liu. Treatment
was provided in 2006 for complaints of pain and numbness in the
left shoulder and arms, headaches and dizziness. Ongoing
treatment is documented through 4/30/07. A prescription for
treatment was apparently again provided in May of 2008.

A review of these documents leads to no changes in opinions
previously provided to you relative to this matter.

Should further questions remain, feel free to contact me at any
time.

                         Sincerely,

                         Raymond M. Vance, M.D.

RMV:bc

Exhibit "D"

May 12, 2008

Brian A. Rawers
Lewis Brisbois Bisgaard & Smith
550 West "C" Street, Suite 800
San Diego, CA 92101


Re: Bryan v. Hyatt Corporation, et al.


Dear Mr. Rawers,

It was a pleasure speaking with you on Tuesday, April 29, 2008. I received your package and have reviewed the photographs and medical records in it. As I understand it, you believe Ms. Bryan is alleging the therapist that gave her a deep tissue massage on May 9, 2006 caused her to have bulging/herniated discs at C 5-6, T 7-8 and T 8-9.

According to the chiropractic record dated May 12, 2006, Ms. Bryan's presenting problems were "left neck, shoulder, back & leg foot pain". Another earlier exam (peripheral sensitivity test), dated August 5, 2005, from the same clinic seems to show that there was an issue with her low back and that her chief complaint was her neck and feet. While I am not a chiropractor and am not familiar with this particular test, I can tell you that, from my experience, it is not uncommon at all for pain and hypertonic muscles in the lumbar spine to also be reflected in the thoracic and cervical spine. In other words, the body tries to compensate for the imbalance in the low back. Nerve impingement in the lumbar spine can also cause pain that radiates down the leg and into the foot. While I can't say that this is what happened in this case, I do find it interesting that there seems to be a pre-existing condition.

The neurology report by Ramesh Chheda M.D. dated May 24, 2006 says that Ms. Bryan "has been complaining of the neck and shoulder pain on the left side. Apparently this suggests a post-traumatic inflammatory myopathic changes in the shoulder as well as the neck area muscles. No evidence of radiculopathy." Radiculopathy is a medical term used to describe pain (and other symptoms like numbness and weakness) that is caused by a problem with the nerve roots along the spine. Radiculopathy is often caused by direct pressure from a herniated disc that creates irritation and inflammation (pain) of the nerve root. Again, I am not a physician, but this report sounds to me like pain from hypertonic muscles, not pain caused by a herniated disc impinging a nerve root.

In looking at the copies of the two pictures taken, I can definitely see a bruise on top of the shoulder and over the left scapular area. Granted these are copies of pictures but it appears to be a bruise specifically on the trapezius muscle over the medial border of the scapula. I see no evidence, in these photographs, of bruising on the neck or over the nerve roots along the thoracic spine that would cause radiculopathy. The bruise appears to be well away from the spine actually.

As for the bruise itself, of course I cannot specifically tell you where that came from. I can tell you that, while not "the norm", it is certainly not unheard of for bruising to occur because of deep tissue techniques used in therapeutic bodywork. Unfortunately, there is also the possibility of bruising during a massage because of an overzealous or careless therapist using too much pressure. Fortunately, that is also not the norm. There are also specific manual techniques used in traditional Asian medicine where a very specific type of bruising is the intended outcome of the treatment. According to this traditional system, they are used to relieve chronic pain and blood stasis in the superficial tissue and facilitate the client's healing process.

In my professional opinion it is extremely, and I stress extremely, unlikely that a massage therapist could cause an intervertebral disc to become herniated using deep tissue techniques. Even if those techniques caused the client to bruise, whether intentional bruising for therapeutic benefit or bruising as a result of carelessness, it would still be highly unlikely that they could cause a structure as deep in the body as a disc in between the spinal vertebrae to become herniated.

Please feel free to contact me if I can offer any clarity to any of the above.

Sincerely,

Terrill "Skip" Kanester H.H.P.

Holistic Health Practitioner
Faculty-
  International Professional School of Bodywork
  Pacific College of Oriental Medicine

4211 Sierra Morena Ave.
Carlsbad, CA 92010
(760) 720-1403
Email: skip@kanester.com

**PROOF OF SERVICE**
Bryan v. Hyatt Corp - File No. 08-cv-0182
United States District Court, Southern District of California

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is . I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 30, 2008, I served the following document(s): **DEFENDANT HYATT CORPORATION'S EXPERT DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)**

I served the documents on all parties as listed on the CM/ECF Court filing system.

The documents were served by the following means:

[ ]    (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 30, 2008, at San Diego, California.


JONNA WILKINSON

**PROOF OF SERVICE BY MAIL**